## IN THE CIRCUIT COURT OF HOWELL COUNTY, MISSOURI

| | |
|---|---|
| D.O., a Minor Child, | ) |
| by and through her Natural Father | ) |
| and Mother, and Next Friends, | ) |
| S.O. and | ) |
| B.O., | ) |
| | ) |
| and | ) |
| | ) |
| S.O. and | ) |
| B.O., | ) |
| Husband and Wife, | ) |
| Plaintiffs, | ) |
| | )  Case No. |
| v. | ) |
| | ) |
| OZARK HORIZON STATE SCHOOL | ) |
| Serve: 1715 Wayhaven Drive | ) |
| West Plains, MO 65775 | ) |
| | ) |
| BARBARA E. BAKER, | ) |
| Individually and in her official capacity, | ) |
| Serve: 1407 Country Road 8530 | ) |
| West Plains, MO 65775 | ) |
| | ) |
| VERNETTA M. BURGESS, | ) |
| individually and in her official capacity, | ) |
| Serve: 11034 Country Road 8470 | ) |
| West Plains, MO 65775 | ) |
| | ) |
| KAREN K GORE, | ) |
| individually and in her official capacity, | ) |
| Serve: 208 Belmont | ) |
| Mountain View, MO 65548 | ) |
| | ) |
| TERESIA ELAINE HUDDLESTON, | ) |
| individually and in her official capacity, | ) |
| Serve: 10245 Country Road 634 | ) |
| Birch Tree, MO 65438 | ) |

CHERYL L O'FARRELL-SILVA,                  )
individually and in her official capacity, )
Serve: 1385 S. Highway 137                 )
     Willow Springs, MO 65793             )
                                           )
BARBARA KAY STARK,                         )
individually and in her official capacity, )
Serve: HC 89 Box 203                       )
     Winona, MO 65588                     )
                                           )
SHERYL YOUNGBLOOD                          )
Individually and in her official capacity. )
Serve: 1715 Wayhaven Drive                 )
     West Plains, MO 65775                )
                                           )
MISSOURI STATE BOARD OF                    )
EDUCATION,                                 )
Serve: 205 Jefferson Street                )
     Jefferson City, Missouri 65101       )
                                           )
MISSOURI DEPARTMENT OF                     )
ELEMENTARY AND SECONDARY                   )
EDUCATION,s                                )
Serve: 205 Jefferson Street                )
     Jefferson City, Missouri 65101       )
                                           )
     and                                  )
                                           )
MISSOURI SCHOOLS FOR THE                   )
SEVERELY DISABLED,                         )
Serve: 205 Jefferson Street                )
     Jefferson City, Missouri 65101       )
                                           )
             Defendants.               )

## **PLAINTIFFS PETITION FOR DAMAGES**

COMES NOW Plaintiff D.O. ("D.O."), a minor male child, by and through his Natural

Father and Mother and Next Friends, S.O. and B.O., as husband and wife, by and through

undersigned counsel, and for his claims against Defendants, state:

**PARTIES**

1.      Plaintiff D.O. is a severely developmentally disabled, and non-verbal minor male child who, on March 7-16, 2022, was 13 years-old and residing with his parents, S.O. and B.O., Husband and Wife, in Howell County, Missouri.

2.      Defendant Ozark Horizon State School is a Missouri public school for the Severely Disabled located at 1715 Wayhaven Drive, West Plains, Missouri 65775.

3.      Defendant Barbara E. Baker ("Baker"), is an adult individual and upon information and belief can be found at 1407 Country Road 8530, West Plains, Missouri 65775.

4.      Defendant Vernetta M. Burgess ("Burgess") is an adult individual and upon information and belief can be found at 11034 Country Road 8470, West Plains, Missouri 65775.

5.      Defendant Karen K. Gore ("Gore") is an adult individual and upon information and belief can be found at 208 Belmont, Mountain View, Missouri 65548.

6.      Defendant Teresia Elaine Huddleston ("Huddleston) is an adult individual and upon information and belief can be found at 10245 Country Road 634, Birch Tree, Missouri 65438.

7.      Defendant Cheryl L. O'Farrell-Silva ("O'Farrell-Silva") is an adult individual and upon information and belief can be found at 1385 S. Highway 137, Willow Springs, Missouri 65793.

8.      Defendant Barbara Kay Stark ("Stark") is an adult individual and upon information and belief can be found at HC 89 Box 203, Winona, Missouri 65588.

9.      Defendant Sheryl Youngblood is an adult individual and upon information and belief can be found at 1715 Wayhaven Drive, West Plains, Missouri 65775.

10.      The MSBE ("MSBE") is the state-level governing body charged with determining educational policy for the State's primary and secondary schools.

11.     The MSBE's main office, and principle place of business is located at 205 Jefferson Street, Jefferson City, Missouri 65101.

12.     The Missouri Department of Elementary and Secondary Education ("MDESE") administers primary and secondary public education in the State of Missouri.

13.     The MDESE is located at 205 Jefferson St., Jefferson City, Missouri 65101, its principle place of business.

14.     The Missouri Schools for the Severely Disabled ("MSSD") is a State-operated program serving students with severe disabilities, administered by the State Board of Education, and the school district encompassing Ozark Horizon State School.

15.     The MSSD's main office is located at 205 Jefferson Street, Jefferson City, Missouri 65101, its principle place of business.

16.     Defendants are individually liable and/or vicariously liable for the act(s) and/or omission(s) of their agent(s) and/or employee(s) performed in the course and scope of their employment set forth herein.

**JURISDICTION**

17.     Pursuant to R.S.Mo. § 506.500, jurisdiction is proper because one or more of the Defendants transacts business in the State of Missouri, County of Howell, and the commission of the tortious act(s) occurred within in the State of Missouri, County of Howell.

18.     Upon information and belief, the Defendants maintain a policy of insurance with respect to tort claims filed against them, and therefore, to the extent that the Defendants may attempt to assert a defense of sovereign immunity with respect to any claim raised herein, Defendants have waived such claim under the provisions of R.S.Mo. § 537.610 by maintaining such policy of insurance as set forth more specifically herein.

4

## **VENUE**

19.     Pursuant to R.S.Mo. § 508.010, venue is proper because one or more of the Defendants are a citizen of and/or transacts business in the State of Missouri, County of Howell, and the tortious conduct complained of occurred in Howell County, Missouri.

## **FACTUAL ALLEGATIONS**

20.     Defendant Ozark Horizon State School is a Missouri public school under the control of the MSBE, the MDESE, and the MSSD.

21.     Ozark Horizon State School was, at all times relevant, the employer of the other named individual Defendants named in this Petition.

22.     Defendant Baker was, at all times relevant, an employee of Ozark Horizon State School acting in the course and scope of her employment.

23.     Defendant Burgess was, at all times relevant, an employee of Ozark Horizon State School acting in the course and scope of her employment.

24.     Defendant Gore was, at all times relevant, an employee of Ozark Horizon State School acting in the course and scope of her employment as a Teacher's Aid at Ozark Horizon State School.

25.     Defendant Huddleston was, at all times relevant, an employee of Ozark Horizon State School acting in the course and scope of her employment as a Teacher at Ozark Horizon State School.

26.     Defendant O'Farrell-Silva was, at all times relevant, an employee of Ozark Horizon State School acting in the course and scope of her employment as a Teacher's Aide at Ozark Horizon State School.

27.     Defendant Stark was, at all times relevant, an employee of Ozark Horizon State School acting in the course and scope of her employment as a Teacher's Aide/Bus Driver at Ozark Horizon State School.

28.     Defendant Youngblood was, at all times relevant, and employee of Ozark Horizon State School acting in the course and scope of her employment as an Interim Building Administrator/ Area Director.

29.     Defendant Ozark Horizon State School is a day school for the severely disabled.

30.     Plaintiff D.O. was, at all times relevant, a student at the Ozark Horizon State School.

31.     Plaintiff D.O. is currently an 13-year-old male with a disability as defined under R.S.Mo. § 213.010.1(4) and was 13-years-old in March, 2022.

32.     Ozark Horizon State School's Handbook defines the Mission of the school (*See* Exhibit A) as follows:

    "Missouri Schools for the Severely Disabled will ensure students learn functional academic skills in a safe environment to be integrated into their home, community, leisure and work"

33.     Ozark Horizon State School's Handbook defines the "MSSD Beliefs" in relevant part as follows:

    a.  "Everyone has the right to be treated with dignity and respect"

    b.  "Each individual has the responsibility to positively influence community attitudes regarding people with disabilities".

    c.  "Skills, teaching materials and instructional settings must promote consistency with the student's chronological age, interests and abilities"

    d.  "All students communicate and all communication has meaning"

6

e.  "All behaviors have a purpose"

f.  "Parents, staff and community have an instrumental role in the lives of students."

34.  Ozark Horizon State School's Handbook defines the "MSSD Beliefs" in relevant part as follows:

a.  "MSSD personnel shall treat students, parents, contractors, volunteers and members of the public with courtesy and respect."

b.  "Parents, other visitors to the school, volunteers, contract service providers, contractors and other members of the public shall treat students, teachers, school administrators and other school staff with courtesy and respect."

c.  "Any parent, other visitor to the school, volunteer, contract service provider, contractor or other member of the public who believes that her or she was subject to unacceptable or disruptive conduct on the part of a staff member, should bring such conduct to the attention of the building administrator, who will report to the area director."

d.  "If the building administrator is believed to be the staff member exhibiting unacceptable or disruptive conduct, such concern is to be brough to the attention of the area director."

35.  Ozark Horizon State School's Handbook defines their "Discipline" policies in relevant part as follows:

a.  "MSSD assumes the responsibility for providing educational services in an orderly environment to promote learning."

b.  "Individual student abilities, age, maturity and circumstances surrounding discipline will be considered when establishing behavior expectations and discipline…"

c.  "MSSD focuses on preventing behavior problems before they begin or escalate into more serious situations. Staff identifies what the student may be communicating or the reasons behind the challenging behavior. Students are taught more appropriate ways of

7

responding and communicating in stressful situations. MSSD does not use corporal punishment under any circumstances. Derogatory statements about the student or to the student are not tolerated."

d. "School Wide Positive Behavioral Support Initiative (SW-PBIS) is being implemented at MSSD. It is a process for creating safer and more effective schools by structuring the learning environment to support the academic and social success of all students. SW-PBIS is a national and international initiative currently implemented in over 7,000 schools. SW-PBIS is supported through the US Office of Special Education Programs (OSEP) and by the DESE, Effective Practices."

36. Ozark Horizon State School's Handbook defines their "Individualized Education Program (IEP)" in relevant part as follows:

a. "An IEP is an individualized written document describing the student's educational program. Parents and local education agencies (LEA) will be requested to assist in the development of the student's IEP. The IEP will focus on the student's learning needs and address the services required to implement the educational program. The local school district of residence is responsible for assessments of students attending MSSD."

b. "The IEP is developed at an IEP team meeting, which is an opportunity for educators, parents and the student to work together to design the educational priorities. Parents are key members of the IEP team. This is the time for parents to share ideas and concerns about their child's education. Parents may contact their child's teacher at any time to request an IEP meeting when they think changes are needed in the educational program."

37. Trusting in the written policies promulgated by Ozark Horizon State School and the MSSD, Plaintiff D.O.'s parents left D.O. in the supervision, care, custody, and protection of Ozark Horizon State School and the other Defendants.

8

38.     D.O. has an individual private constitutional interest in attending Ozark Horizon State School based upon Missouri Constitution Article 9 § 3(b).

39.     Each and every one of the Defendants, in the course and scope of their employment owed a private individualized duty of supervision care, custody and protection of D.O. as a student of Ozark Horizon State School.

40.     Defendant Karen Gore physically assaulted the minor child, D.O., on at least six separate occasions in March, 2022. Her actions included forcefully pinning the child's head, neck and chest against a desk, repeatedly hitting him in the face with a pillow, shoving him, and pulling his hair multiple times while being quoted as saying "Yeah? That hurts a little, doesn't it?"

41.     Defendant Barbara Stark physically assaulted the minor child, D.O., on at least two separate occasions in March, 2022. Her actions included striking the minor child, D.O., hard enough to knock the child out of his seat and striking the minor child's head against the wall and also pinning D.O. by his head, neck and chest against a desk.

42.     Defendant Teresia Huddleston physically assaulted the minor child, D.O., in March, 2022. Her actions included forcefully pinning down the minor child by his head, neck and chest to a desk and also kicking him.

43.     Defendant Cheryl L. O'Farrell-Silva physically assaulted the minor child, D.O., in March, 2022, by pinning him to his desk by his head, neck and chest and also by jerking D.O. backwards into his seat by his shirt and yelling at D.O. just inches from his ear.

44.     Defendants Vernette Burgess, Barbara Baker and Sheryl Youngblood observed and/or had personal knowledge of the physical assaults/abuse endured by the minor child, D.O., during March, 2022 and did not report the abuse to any appropriate law enforcement or child protective agency. Defendants Burgess, Baker and Youngblood took no further appropriate actions to stop or remedy the ongoing abuse of the minor child.

45.     Each and every one of the Defendants breached the Ozark Horizon State School's Policy and their duty of supervising, custody, care and protection of D.O. while D.O. was in their care and each and every one of the Defendants was the direct and/or proximate cause of D.O.'s damages.

46.     The Defendants' strict compliance with Ozark Horizon State School's Policies outlined herein was a ministerial duty imposed by the State of Missouri.

47.     The Defendants' strict compliance with Ozark Horizon State School's Policy was not a discretionary function, and did not require Defendants to exercise judgment.

48.     Even if Defendants' strict compliance with Ozark Horizon State School's Policy is found to be a discretionary function, Defendants acted in bad faith and with malice in contravention to the parents' specific instructions and expectations.

49.     Defendants' failure to comply with Ozark Horizon State School's Policy and the parents' specific instructions and expectations constitutes a deliberate and intentional disobedience of directions to take precautions in protecting the civil rights of Plaintiff D.O.

50.     The Defendants' repeated physical assaults, emotional cruelty and failure to report the actions or take remedial efforts to stop or report such actions, in direct contradiction to Ozark Horizon State School's Policy and the parents' specific instructions and expectations was intended to cause injury, without legal justification or excuse, and was done knowingly and deliberately, and for a discriminatory and improper motive.

51.     The Defendants' repeated physical assaults, emotional cruelty and failure to report the actions or take remedial efforts to stop or report such actions in contravention to Ozark Horizon State School's Policy constitutes tortious conduct for which Defendants cannot claim immunity.

52.     Each and every Defendant breached their duty of care by the repeated physical assaults, emotional cruelty and failure to report the actions or take remedial efforts to stop or report such actions in violation of the Ozark Horizon State School's Policy.

53.     Upon information and belief each and every Defendant knew about the physical assaults and emotional cruelty suffered by D.O. and failed to inform the Building Administrator or other state agency, Defendants were in violation of the Ozark Horizon State School's Policies and its purposes but did not care about the safety or dignity of D.O..

54.     Defendants knew Plaintiff D.O. requires full time assistance, was unable to verbally communicate his suffering and needed to be protected and safeguarded by those in charge of his education and safety.

55.      The parents of D.O. were not made aware of the assaults and abuse suffered by their child, D.O., until notified by Ozark Horizon State School employees that they had to come pick up D.O. from the school. In retaliation, and in an effort to cover up the factual assaults, school employees informed D.O.'s parents that he had "destroyed" the classroom and needed to be removed from the school. In further retaliation, D.O.'s parents were informed that even in-home educational services for D.O. would be stopped for the "safety of the school employees".

56.     Defendant Karen Gore breached the standard of care and failed to protect D.O. while in the custody of Ozark Horizon State School by physically assaulting the minor child, D.O., on at least six separate occasions in March, 2022. Her actions included forcefully pinning the child's head and chest against a desk, pulling his hair multiple times while being quoted as saying "Yeah? That hurts a little, doesn't it?.

57.     Defendant Barbara Stark breached her duty of care and duty to protect D.O. while in Ozark Horizon State School's custody by physically assaulting the minor child, D.O., on at least

two separate occasions in March, 2022. Her actions included striking the minor child, D.O., hard enough to knock the child out of his seat and striking the minor child's head against the wall.

58.     Defendant Teresia Huddleston breached her duty of care and duty to protect D.O. while in Ozark Horizon State School's custody by physically assaulting the minor child, D.O., in March, 2022. Her actions included forcefully pinning down the minor child and kicking him.

59.     Defendant Cheryl L. O'Farrell-Silva breached her duty of care and duty to protect D.O. while in Ozark Horizon State School's custody by physically assaulting the minor child, D.O., in March, 2022. Her actions included striking the minor child.

60.     Defendants Vernette Burgess, Barbara Baker and Sheryl Youngblood breached their duty of care and duty to protect D.O. while in Ozark Horizon State School's custody by observing and/or having personal knowledge of the physical assaults/abuse endured by the minor child, D.O., during March, 2022 and not reporting the abuse to any appropriate law enforcement or child protective agency. Defendants Burgess, Baker and Youngblood took no appropriate actions to stop or remedy the ongoing abuse of the minor child.

61.     Every child has the right to say "no" or report physical or emotional abuse, but D.O.'s severe disabilities literally prevent him from being able to verbally say "no" or report the physical and emotional abuse and Defendants were all aware that D.O. could not speak for himself to prevent the and/or report the abuse.

62.     Ozark Horizon State School compromised itself and it's staff when numerous school employees and administrators could have disallowed or prevented the ongoing physical and emotional abuse of a 13year-old severely developmentally disabled male child who did not have the ability to stand up for himself.

63.     Ozark Horizon State School's Policy 6410, R.S.Mo. § 566.100, R.S.Mo. § 213.065.1, R.S.Mo. § 213. 070.2, 42 USC § 1983, 42 USC § 12131, The Americans with Disabilities

Amendments Act of 2008, § 504 of the Rehabilitation Act of 1973, and 20 USC § 1681 were statutory, and/or departmentally-mandated duties, and violations thereof represent breaches of duty, including ministerial duties—thus removing the bar of any official immunity Defendants may claim.

64.     Plaintiff's position as a non-verbal severely disabled minor with Defendants as trusted authority figures so affected Plaintiff D.O. that he was not able to know, recognize, understand, report, or take legal action until his parents were made aware of the physical assaults and emotional cruelty.

65.     As a direct result of Defendants' intentional and negligent conduct, Plaintiff D.O. suffered and will continue to suffer severe pain of the body, medically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, and humiliation.

66.     As a result of Defendants' intentional and negligent conduct, Plaintiff D.O.'s parents will now incur additional costs for D.O.'s education and care.

67.     Plaintiff D.O. was unable to prevent being a victim of physical and emotonal abuse perpetuated upon him by Defendants until D.O.'s parents were made aware of said abuse, and therefore commenced this cause of action in a timely manner.

68.     Each Defendant repeatedly ordered, allowed, and/or permitted unlawful conduct to be taken against D.O., despite the parents' expectations and trust in the Defendants, and despite Ozark Horizon State School's own policy against such conduct.

69.     As a direct and proximate result of Defendants' unlawful acts and discrimination, D.O. has sustained injuries and damages including but not limited to pain of the body, medically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and disruption of his education and life.

70.     The parents of D.O. sustained injuries and damages, including but not limited to, diagnosable emotional distress, embarrassment, anger, outrage, a sense of distraught, helplessness,

betrayal, and humiliation upon witnessing the effects of their severely developmentally disabled 13-year-old son being physically and emotionally abused.

71.     As a direct and proximate result of Defendants' unlawful conduct, the parents of D.O. have been subject to emotional trauma, and have been further damaged by the need to take additional time from their employment in order to care for D.O..

72.     Each of the individual Defendants undertook a duty pursuant to Plaintiff D.O.'s Individual Education Plan ("IEP") or the school's policies that requires the individual Defendants to be responsible for her individual needs and specific education and adapt the requirement due to his unique and individual circumstances.

73.     The duty owed to Plaintiffs in the breach by the individual Defendants was an individual duty owed specifically to Plaintiff D.O. and his parents and was not a generic duty owed to the public at large.

74.     The Crime Victims with Disabilities Act is a U.S. law designated to increase public awareness of the plight of people with disabilities and being victimized by crime at higher rates than the rest of the population.

75.     Predators perceive people with disabilities as weak and vulnerable and they are ten times more likely to be abused than their non-disabled peers and likely abused by their caretakers or someone they know.

76.     The individual Defendants make up a group of specialists and individual resources necessary for Plaintiff D.O.'s individual educational needs that require the individual Defendants to be aware of changes in his behavior that may signal problems because of D.O.'s severe developmental disability combined with his non-verbal nature, makes him unable to communicate matters or wrongful conduct affecting his daily life.

77.     The individual Defendants owed a duty to Plaintiff D.O. and his parents because he is non-verbal and has severe developmental disabilities to monitor his behaviors, to understand how changes in his behaviors communicate happenings that impact his life.

78.     It was reasonably foreseeable by the individual Defendants that physically and emotionally assaulting D.O., or allowing him to be assaulted without reporting or stopping the assauts, was unsafe and undignified personally for D.O. and a violation of the School Policies.

79.     D.O. has a right to a free, appropriate public education and Congress recognized that children with disabilities have special needs under the Individual with Disabilities Education Act ("Act") in 1975.

<div align="center">

**COUNT I**
**NEGLIGENCE**
**(Against All Individual Defendants)**

</div>

80.     Plaintiffs incorporate all allegations contained in this Petition as though fully set forth herein.

81.     Plaintiff D.O. was repeatedly physically assaulted and/or emotionally abused by staff

82.     Defendants owed a duty of reasonable care under the circumstance to D.O. as he is a severely disabled, non-verbal student of Ozark Horizon State School to protect D.O. from physical assaults and emotional abuse by the staff members.

83.     Defendants owed a duty of care to adhere to school policies regarding the physical and emotional needs of their students, particularly students of D.O.'s age (13-years-old) and severe disability.

84.     Each of the Defendants breached their duty by physically assaulting and/or allowing staff members to repeatedly assault the minor, D.O..

85.     D.O. has sustained psychological trauma, physical trauma, physical pain, learned wrongful conduct, and emotional distress as a result of Defendants' actions and omissions.

86.     Defendants' acts and omissions have caused physical and emotional damages as a result of the physical assaults and emotional abuse perpetuated against D.O. contrary to both the parents' expectations and the school's own policy.

87.     Each of the Defendants' acts and/or omissions related to the assaults and incidents of allowing D.O. to be in an unsafe, undignified position were wanton, and malicious, and/or took place with reckless disregard to D.O.'s civil rights, warranting punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, to D.O. and his parents, physical trauma and abuse, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre-judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

<div align="center">

**COUNT II**
**NEGLIGENT SUPERVISION**
**(Against Ozark Horizon State School; Youngblood, MSBE; MDESE and MSSD)**

</div>

88.     Plaintiff incorporates all allegations contained in this Petition as though fully set forth herein.

89.     The individual defendants, at all times pertinent herein were acting within the course and scope of their employment to further the business or interests of the employer under the employers' general authority and direction.

90.     Following the employers' policies and ensuring D.O. is safe from physical assaults or emotional abuse falls with the employment duties of the individual defendants which naturally arises from the performance of the employers' work while engaged in the employer's business.

91.     Defendants had a duty to use ordinary care to protect D.O. against foreseeable risks of harm—including assaults or abuse by other employees.

92.     Defendants breached this duty by assaulting D.O. and/or allowing D.O. to be repeatedly assaulted or abused without reporting said abuse or taking any actions to insure that the assaults and abuse were stopped and addressed.

93.     Each Defendant knew or should have known of the necessity of exercising special care and protection of D.O. to prevent any assaults or abuse in accordance with the expectations of D.O.'s parents and the Ozark Horizon State School's Policies.

94.     The Defendants had a duty to exercise reasonable care while acting within the scope of their employment to prevent other employees from intentionally harming others for conducting themselves in a manner as to create an unreasonable risk of bodily harm.

95.     Defendants knew, or had reason to know, they had the ability to monitor or control their school staff and knew or should have known of the necessity and opportunity for exercising such control and failed to D.O. so.

96.     Each of the Defendants breached this duty of care by failure to properly supervise, train, or screen during the hiring process, contrary to Ozark Horizon State School's Policy and D.O.'s civil rights as a non-verbal and severely disabled child.

97.     Defendants' actions have caused D.O. physical and emotional damages as a result of the physical assaults and abuse suffered by D.O..

98.     Defendants' acts and omissions relative to the March, 2022, assaults and abuse, were wanton, and malicious, and took place with reckless disregard to D.O.'s rights warranting punitive damages.

99.     D.O., as a student at Ozark Horizon State School, is within the class of persons intended to be protected by this policy.

100. But for the Defendants' blatant violation of its own policies, D.O. would not have sustained the physical and emotional injuries complained of.

101. D.O.'s injuries are those that the School policies are designed to prevent.

102. Due to D.O.'s developmental disabilities and non-verbal nature, D.O. did not, and D.O.es not have the capacity to object to such assaults and abuse or report it after it has occurred.

103. But for the assaults and abuse, D.O. would not have sustained the physical and emotional injuries complained of.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, physical trauma and molestation, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre-judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT
### (Against All Defendants)

104. Plaintiff D.O. incorporates all allegations contained in this Petition as though fully set forth herein.

105. D.O. is a member of a protected class in that D.O. is a person with a disability as defined under R.S.Mo. § 213.010.1(4).

106. Ozark Horizon State School is a place of public accommodation pursuant to R.S.Mo.. § 213.010.15(e).

107. Defendants violated the Missouri Human Rights Act § 213.065.1 by denying D.O. the full and equal use and enjoyment of any place of public accommodation in the state of Missouri on the basis of his disability.

108.    Defendants violated the Missouri Human Rights Act by physically assaulting and emotionally abusing D.O. therefore discriminating against him as a severely disabled child and treating D.O. in an unsafe and undignified manner.

109.    Defendants would never treat a similarly situated 13-year-old child who did not have D.O.'s disabilities and who could report such conduct in the same manner or subject said child to repeated physical assaults and emotional abuse.

110.    The State public entities and School knew of the discrimination and retaliation and failed to take prompt and effective remedial or protective action.

111.    The individual Defendants knew of the assaults, abuse, discrimination and retaliation and failed to take prompt and effective remedial action.

112.    D.O.'s disability was a contributing and/or the motivating reason for Defendants' acts and omissions, assaults, abuse and civil battery against D.O. in violation of the school's and State policy.

113.    Defendants subjected D.O. to continual severe and pervasive unsafe environment and harassment due to their repeated unlawful conduct.

114.    Being subjected to repeated assaults and abuse, and then having even in-home services refused by the school, did not fulfill the care, custody, and protection of D.O. and represents a denial of D.O.'s right to full and equal use and enjoyment of the public school.

115.    At all relevant times, Defendants subjected D.O.—a severely developmentally disabled, and non-verbal 13-years-old male child—to the deprivation of her rights, privileges, and immunities secured by the Constitution and laws by repeatedly assaulting and abusing, or allowing D.O. to be assaulted and abused, in contravention to Ozark Horizon State School's Policy and State and Federal law as set forth herein.

116.    The individual Defendants knew of the assaults, abuse, discrimination and retaliation, and failed to take prompt remedial action.

117.    Defendants denied D.O. reasonable accommodations that would allow him to receive the full benefits of his individual educational program.

118.    Defendants denied D.O. the benefits of privacy, safety and dignity in his public education programs.

119.    Defendants failed to provide the necessary oversight, accommodations, training and supervisors and other measures Defendants would provide similarly situated students with verbal communications and without D.O.'s disabilities.

120.    Defendants were employees of Ozark Horizon State School, MSBE, MDESE and MSSD who must exercise reasonable care to control, train and oversee their employees.

121.    Each individual Defendant knew the assaults, battery and abuse was taking place against D.O..

122.    D.O., as a severely developmentally disabled person, is non-verbal and cannot assert his rights, as he was physically assaulted and emotionally abused in violation of the school's own policy.

123.    Defendants directed D.O. to be removed from the classroom, school and home based services instead of removing the staff who had assaulted and abused D.O..

124.    As a result of Defendants depriving D.O. of his rights, privileges, and immunities secured by the Constitution and laws, D.O. suffered damages.

125.    Defendants' failure to institute corrective measures and prevent the repeated physical assaults of D.O. shocks the conscience and constitutes a deliberate indifference to the civil rights of D.O..

126.    The abuse and physical assaults against D.O. were a deprivation of his rights, privileges, and immunities secured by the Constitution and laws, was unwelcome, nonconsensual,

severe, pervasive, objectively offensive, and deprived D.O. to access of the educational benefits and opportunities relative to being a student at Ozark Horizon State School.

127.     Defendants would never physically assault and emotionally abuse a similarly situated 13-year-old student who did not have D.O.'s disabilities and who could report such conduct.

128.     Defendants' discrimination and retaliation as set forth below, and physical and emotional abuse, caused physical and emotional damages to D.O. as a result of the abuse that occurred.

129.     Defendants' acts and omissions relative to the March, 2022, assaults and abuse, were wanton, and malicious, and took place with reckless disregard to D.O.'s rights warranting punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, physical trauma and abuse, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre- judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

<div align="center">

**COUNT IV**
**<u>RETALIATION</u>**
**(Against All Defendants)**

</div>

130.     Plaintiff D.O. incorporates all other allegations contained in this Petition as though fully set forth herein.

131.     D.O.'s parents and Defendants have developed an Individual Education Program (IEP) pursuant to school policy to determine the educational and medical needs of D.O..

132.     According to D.O.'s parents and IEP, D.O. is to be transitioned to new programs and classrooms slowly, and gradually.

133.    Initially, D.O.'s parents were informed by the Defendant Ozark Horizon State School that D.O. had "destroyed" the classroom, was violent towards staff and was not an appropriate child to attend classes on their site. D.O.'s parents were later informed that even in-home services would be stopped in the name of safety of the school staff.

134.    Defendants threw additional items on the floor and overturned furniture in the classroom in order to stage the room prior to Plaintiffs S.O. and B.O. arriving at the school to pick up the minor child. Defendants lied to the parents saying that the minor child had created all of the destruction in the classroom that they were seeing.

135.    Defendant Ozark Horizon State School, untruthfully misrepresented to D.O.'s parents that D.O. was the one being violent and that any assaults by school staff had not occurred.

136.    D.O.'s parents met with law enforcement at which time were able to review the video of the assaults in the classroom and requested that charges be pursued.

137.    Up until the point that the parents of the minor child were shown evidence that D.O. was actually the victim of the assaults, D.O. was retaliated against by Defendants telling his parents that he was not appropriate for attending classes on site, by not being allowed proper in-home services by the school and by school staff refusing to implement a new IEP detailing the assaults and abuse suffered by D.O. and how the effects from such abuse would be handled in his educational program.

138.    Informing the parents that D.O. was not appropriate to attend classes on site, not allowing D.O. in-home services from the school and staff refusing to implement a new IEP, was an unlawful discriminatory practice under R.S.Mo. § 213.070.2 because it was done against D.O.'s parents' wishes, against the IEP, D.O.'s civil rights, and to further harm D.O., in retaliation against D.O.

139.    Defendants failed to care that they were irreparably disrupting D.O.'s learning environment instead of replacing the staff who had assaulted, neglected or abused D.O.

140.    D.O. was emotionally distraught from the abrupt transition and was damaged due to Defendants' retaliatory conduct when Defendants could have and should have moved D.O. to a class with different staff or at least provided in-home services to D.O. until replacement staff could be hired.

141.    Defendants' acts and omissions relative to the March, 2022, assaults and abuse, were wanton, and malicious, and took place with reckless disregard to D.O.'s rights warranting punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, physical trauma and molestation, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre-judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

**COUNT V**
**VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT/ THE AMERICANS WITH DISABILITIES ACT AS AMENDED**
**(Against Ozark Horizon State School; MSBE, MDESE; MSSD)**

142.    Plaintiff D.O. incorporates all allegations contained in this Petition as though fully set forth herein.

143.    28 CFR Part 35, subpart F, § 35.178 provides that:

"A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this Act. In any action against a State for a violation of the requirements of this Act, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State."

144.     Plaintiff is a severely developmentally disabled male child, and a "qualified individual with a disability" as defined in 42 USC § 12131(2). *See also* ADA Amendments Act of 2008, § 4.

145.     The ADA/ADAAA and implementing regulations require that "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

146.     Defendants discriminated against Plaintiff D.O., and denied and excluded D.O. the benefits, services, programs, and activities as a student of Ozark Horizon State School.

147.     By reason of D.O.'s disability, D.O. was subjected to abuse, civil assault and battery by Defendants and retaliation, which constitutes exclusion, and denial of the benefits of being a student at Ozark Horizon State School, a public entity.

148.     Defendants' acts and omissions relative to the March, 2022, assaults and abuse, were wanton, and malicious, and took place with reckless disregard to D.O.'s rights warranting punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, physical, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre- judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

**COUNT VI**
**VIOLATION OF THE REHABILITATION ACT OF 1973**
**(Against Ozark Horizon State School; MSBE; MDESE and MSSD)**

149.     Plaintiff D.O. incorporates all allegations contained in this Petition as though fully set forth herein.

150. Plaintiff D.O. is an "Student with a Disability" as defined by 29 USC 705(37) [Section 504 of the Rehabilitation Act of 1973].

151. Upon information and belief, Ozark Horizon State School is a recipient of federal funds, and is a public entity under the jurisdiction of 29 USC 705(37) [Section 504 of the Rehabilitation Act of 1973].

152. The Rehabilitation Act and its implementing regulations require that Defendants administer programs/activities in the most integrated setting appropriate to the needs of qualified handicapped/disabled persons. 28 CFR § 41.51 and 45 CFR § 84.4.

153. Under the Rehabilitation Act, Defendants are required to afford students with disabilities equal opportunities, and to protect their civil rights from birth to death.

154. Defendants have violated the Rehabilitation Act by excluding D.O. from the benefits of Defendants' programs/activities relevant to being a student at Ozark Horizon State School by Defendants' allowing D.O. to be repeatedly physically assaulted and emotionally abused by school staff.

155. By reason of D.O.'s disability, D.O. was subjected to discrimination, retaliation, s, civil assault and battery by Defendants, which constitutes exclusion, and denial of the benefits of being a student at Ozark Horizon State School, a public entity.

156. As a direct and proximate result of Defendants' unlawful discrimination, D.O. has sustained injuries and damages including but not limited to severe pain of the body, medically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, and humiliation.

157. Defendants' acts and omissions relative to the March, 2022, assaults and abuse, were wanton, and malicious, and took place with reckless disregard to D.O.'s rights warranting punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, physical trauma, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre- judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

## COUNT VII
## CIVIL ASSAULT AND BATTERY
### (Against All Defendants)

158.    Plaintiff D.O. incorporates all allegations contained in this Petition as though fully set forth herein.

159.    Individual Defendants Gore, Stark, O'Farrell-Silva and Huddleston, intended to cause harmful or offensive contact to D.O., or apprehension thereof.

160.    As a result of Defendants' unlawful conduct, D.O. was subjected to harmful and offensive contact or the apprehension of the assaults and battery by Defendants.

161.    D.O. was damaged due to Defendants' civil assault and battery.

162.    Individual Defendants' employer should be held liable to third persons for tort even though not directly recommended nor expressly authorized by the employer, provided the employer agent has committed such act while engaged in activity fallowing within the scope of his authority or employment as here.

163.    The Individual Defendants' assault and battery was D.O.ne in connection with the servant's employment although the act was not authorized, if the act was not unexpected in view of the duties of the servant, then there would have been no policy against it.

164.    Although the act was not authorized, it was reasonably foreseeable that it could occur when performing the principle business of the employer.

165.     Each of the Defendants' acts and/or omissions related to the assaults and incidents of allowing D.O. to be in an unsafe, undignified position were wanton, and malicious, and/or took place with reckless disregard to D.O.'s civil rights, warranting punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, physical trauma, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre- judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Individual Defendants)

166.     Plaintiff D.O. incorporates all allegations contained in this Petition as though fully set forth herein.

167.     Defendants, acted intentionally in physically assaulting and emotionally abusing D.O. and/or in failing to report or take actions to stop the assaults and abuse against D.O..

168.     Defendants acted recklessly physically assaulting and emotionally abusing D.O. and/or failing to report or take actions to stop the assaults and abuse against D.O..

169.     Plaintiffs' severe emotional distress is medical diagnoseable.

170.     Physically assaulting and emotionally abusing D.O. and/or failing to report or take actions to stop the assaults and abuse against D.O. amounts to extreme and outrageous conduct.

171.     Each of the Defendants' acts and/or omissions related to the assaults and incidents of allowing D.O. to be in an unsafe, undignified position were wanton, and malicious, and/or took place with reckless disregard to D.O.'s civil rights, warranting punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, physical trauma, future

costs of care and treatment, attorney's fees, pain and suffering, costs, pre- judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

<div align="center">

**COUNT X**
**<u>FRAUD</u>**

**(Against All Individual Defendants)**

</div>

172.    Plaintiff D.O. incorporates all allegations contained in this Petition as though fully set forth herein.

173.    After reviewing and believing the Ozark Horizon State School handbook, the written IEP for D.O.'s educational program and the written, published policies of the MSSD, D.O.'s parents decided to entrust Defendants with the care and education of their minor child.

174.    Defendants' representation was a material fact because since D.O. enrolled at Ozark Horizon State School, D.O.'s parents have specifically relied upon the written policies and promises made by Defendants as to how their son would be treated and cared for while in their care and control.

175.    The representation was also a material fact in that according to generally accepted social norms, and to instruct otherwise leads to the abuse, civil assault and battery, harassment, and the reckless disregard for the civil rights of a severely disabled non-verbal young man.

176.    Defendants knew, or should have known, that the representations were false and D.O.'s parents had no knowledge the representation was false but instead, reasonably relied to their detriment that their son would be protected and treated according to the written policies and promises.

177.    Defendants knew their representation were false and Defendants had superior knowledge because they had the superior control and daily knowledge of D.O.'s treatment at

<div align="center">

28

</div>

school, and in fact, had either committed the acts of assault and abuse or had witnessed or had personal knowledge of said abuse.

178.   Defendants intended and expected D.O.'s parents to act upon their misrepresentation because Ozark Horizon State School has been D.O.'s only option of a school, and the school has made adamant efforts to convince D.O.'s parents to rely that there is no other school alternative that would be in the best interest of D.O..

179.   D.O.'s parents were ignorant of the falsity of Ozark Horizon State School's representations and trusted that the Defendants would respect and follow the written guidelines of the school or the MSSD or MSBE.

180.   D.O.'s parents reasonably relied to their detriment and to D.O.'s detriment on the school's representation that D.O. would be treated with safety and dignity and protected against any and all assaults or abuse by school staff.

181.   D.O.'s parents reasonably relied on Defendants' representations to protect D.O. to Plaintiffs' detriment and Plaintiffs were damaged.

182.   D.O.'s injury and damages such as psychological trauma, emotional distress and trauma, physical trauma and abuse, future costs of care and treatment, attorney's fees, pain and suffering, were proximately caused by the representations made by Defendants.

183.   Each of the Defendants' acts and/or omissions related to the assaults and incidents of allowing D.O. to be in an unsafe, undignified position were wanton, and malicious, and/or took place with reckless disregard to D.O.'s civil rights, warranting punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, physical trauma, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre- judgment interest, post-

judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

## COUNT XI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS/TORT OF OUTRAGE
### (Against Defendants Ozark Horizon State School, MSBE, MSSD, Burgess, Baker and Youngblood)

184.    Plaintiff D.O. incorporates all allegations contained in this Petition as though fully set forth herein.

185.    Defendants, acted negligently with respect to D.O. suffering repeated physical assaults and emotional abuse.

186.    Defendants acted negligently in reporting the physical assaults and emotional abuse against D.O. to the appropriate school or state authorities or in demanding and/or stopping the repeated assaults and abuse against D.O..

187.    Defendants should have realized that allowing the repeated assaults and abuse of a disabled 13- year-old boy to continue without reporting it to authorities or taking other steps to stop the assaults on D.O., involved an unreasonable risk of harm to D.O..

188.    Plaintiff D.O.'s parents were in the zone of danger by observing on videos the extremely emotionally provoking sight of their vulnerable, severely developmentally disabled 13-year-old son being physically assaulted and emotionally abused by school staff.

189.    Plaintiff D.O.'s parents were placed in reasonable fear of physical injury when emotionally provoked with outrage at the sight of their vulnerable, severely developmentally disabled 13-year-old son being physically assaulted and emotionally abused by school staff.

190.    As a result of Defendants' aforementioned acts and omissions, D.O.'s parents suffered emotional distress, outrage, humiliation, fear, anguish, and anxiety in concern for their severely developmentally disabled 13-year-old son.

30

191.    Each of the Defendants' acts and/or omissions related to the assaults and incidents of allowing D.O. to be in an unsafe, undignified position were wanton, and malicious, and/or took place with reckless disregard to D.O.'s civil rights, warranting punitive damages.

192.    Defendants' acts and omissions were so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, physical trauma, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre- judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

Respectfully submitted,

SCRIVNER LAW FIRM, LLC

/s/ Dayrell Scrivner

_____
Dayrell L. Scrivner #44529
1440 State Hwy 248, Suite Q #451
Branson, MO 65616
417-699-0074
417-429-2159 fax
law@scrivnerlawfirm.llc
Attorney for Plaintiffs

Electronically Filed - Howell - September 08, 2022 - 11:08 AM

**IN THE CIRCUIT COURT OF HOWELL COUNTY, MISSOURI**

D.O., a Minor Child,                                )
by and through her Natural Father        )
and Mother, and Next Friends,               )
S.O. and                                                   )
B.O.,                                                        )
                                                              )
      and                                            )
                                                              )
S.O. and B.O.                                          )
Husband and Wife,                                   )
            Plaintiffs,               )
                                                              )        Case No.
v.                                                            )
                                                              )
OZARK HORIZON STATE SCHOOL         )
Serve:  1715 Wayhaven Drive                 )
       West Plains, MO 65775                   )
                                                              )
BARBARA E. BAKER,                              )
Individually and in her official capacity,    )
Serve: 1407 Country Road 8530              )
       West Plains, MO 65775                   )
                                                              )
VERNETTA M. BURGESS,                         )
individually and in her official capacity,    )
Serve:  11034 Country Road 8470           )
       West Plains, MO 65775                   )
                                                              )
KAREN K GORE,                                      )
individually and in her official capacity,    )
Serve:  208 Belmont                               )
       Mountain View, MO 65548               )
                                                              )
TERESIA ELAINE HUDDLESTON,              )
individually and in her official capacity,    )
Serve:  10245 Country Road 634            )
       Birch Tree, MO 65438                    )

CHERYL L O'FARRELL-SILVA,                          )
individually and in her official capacity,         )
Serve:  1385 S. Highway 137                        )
Willow Springs, MO 65793                           )
                                                   )
BARBARA KAY STARK,                                 )
individually and in her official capacity,         )
Serve:  HC 89 Box 203                              )
Winona, MO 65588                                   )
                                                   )
SHERYL YOUNGBLOOD                                  )
Individually and in her official capacity.         )
Serve: 1715 Wayhaven Drive                         )
West Plains, MO 65775                              )
                                                   )
MISSOURI STATE BOARD OF                            )
EDUCATION,                                         )
                                                   )
MISSOURI DEPARTMENT OF                             )
ELEMENTARY AND SECONDARY                           )
EDUCATION,s                                        )
                                                   )
MISSOURI SCHOOLS FOR THE                           )
SEVERELY DISABLED,                                 )
                                                   )
        Defendants.                                )

## PETITION AND CONSENT FOR APPOINTMENT OF NEXT FRIEND

To:   The Circuit Court of Howell County, Missouri.

For their Petition for Appointment of Next Friends, the Petitioner, S.O and B.O, husband and wife, respectfully state:

1.   That they are the biological and legal parents of the minor child, D.O., age 13.

2.   That it is in the best interest of said minor child that her, together with his parents, institute an action in the Circuit Court of Howell County, Missouri, for the purpose of prosecuting the civil suit filed contemporaneously with this motion.

3.   The minor child currently has no legally appointed guardian.

4.   The Plaintiffs, S.O. and B.O. request that the Court appoint them as next friends of the minor child for purposes of instituting said action.

5.   The Plaintiffs, S.O. and B.O, parents of the minor child, hereby consent and state that they are willing to serve as the next friends of the above-named minor Plaintiff, D.O. for the purpose of instituting an action against the Defendants in this action.   Plaintiffs further agree to be responsible for the costs of said action.

**WHEREFORE** Plaintiffs S.O. and B.O. pray for an order of the Court appointing them as next friends in this cause of action.

/s/ Dayrell Scrivner

_____
Dayrell Scrivner, Mo. Bar #44529
1440 State Hwy 248, Ste Q, #451
Branson, Missouri 65616
Telephone:  417/699-0074
dayrell@msn.com
Attorney for Plaintiffs

Electronically Filed - Howell - September 08, 2022 - 11:08 AM

## IN THE CIRCUIT COURT OF HOWELL COUNTY, MISSOURI

D.O., a Minor Child,                                )
by and through her Natural Father   )
and Mother, and Next Friends,         )
S.O. and                                                   )
B.O.,                                                        )
                                  )
        and                                  )
                                  )
S.O. and B.O.                                           )
Husband and Wife,                               )
              Plaintiffs,              )
                                  )    Case No.
v.                                                             )
                                  )
OZARK HORIZON STATE SCHOOL     )
Serve:  1715 Wayhaven Drive              )
       West Plains, MO 65775               )
                                  )
BARBARA E. BAKER,                           )
Individually and in her official capacity,  )
Serve: 1407 Country Road 8530          )
       West Plains, MO 65775               )
                                  )
VERNETTA M. BURGESS,                    )
individually and in her official capacity,  )
Serve:  11034 Country Road 8470       )
       West Plains, MO 65775               )
                                  )
KAREN K GORE,                                  )
individually and in her official capacity,  )
Serve:  208 Belmont                             )
       Mountain View, MO 65548         )
                                  )
TERESIA ELAINE HUDDLESTON,     )
individually and in her official capacity,  )
Serve:  10245 Country Road 634         )
       Birch Tree, MO 65438                )

CHERYL L O'FARRELL-SILVA, )
individually and in her official capacity, )
Serve: 1385 S. Highway 137 )
Willow Springs, MO 65793 )
 )
BARBARA KAY STARK, )
individually and in her official capacity, )
Serve: HC 89 Box 203 )
Winona, MO 65588 )
 )
SHERYL YOUNGBLOOD )
Individually and in her official capacity. )
Serve: 1715 Wayhaven Drive )
West Plains, MO 65775 )
 )
MISSOURI STATE BOARD OF )
EDUCATION, )
 )
MISSOURI DEPARTMENT OF )
ELEMENTARY AND SECONDARY )
EDUCATION,s )
 )
MISSOURI SCHOOLS FOR THE )
SEVERELY DISABLED, )
 )
 Defendants. )

## PETITION AND CONSENT FOR APPOINTMENT OF NEXT FRIEND

To: The Circuit Court of Howell County, Missouri.

For their Petition for Appointment of Next Friends, the Petitioner, S.O and B.O, husband and wife, respectfully state:

1. That they are the biological and legal parents of the minor child, D.O., age 13.

2. That it is in the best interest of said minor child that her, together with his parents, institute an action in the Circuit Court of Howell County, Missouri, for the purpose of prosecuting the civil suit filed contemporaneously with this motion.

3. The minor child currently has no legally appointed guardian.

4.   The Plaintiffs, S.O. and B.O. request that the Court appoint them as next friends of the minor child for purposes of instituting said action.

5.   The Plaintiffs, S.O. and B.O, parents of the minor child, hereby consent and state that they are willing to serve as the next friends of the above-named minor Plaintiff, D.O. for the purpose of instituting an action against the Defendants in this action.   Plaintiffs further agree to be responsible for the costs of said action.

**WHEREFORE** Plaintiffs S.O. and B.O. pray for an order of the Court appointing them as next friends in this cause of action.

/s/ Dayrell Scrivner

_____

Dayrell Scrivner, Mo. Bar #44529
1440 State Hwy 248, Ste Q, #451
Branson, Missouri 65616
Telephone:  417/699-0074
dayrell@msn.com
Attorney for Plaintiffs

Electronically Filed - Howell - September 08, 2022 - 11:08 AM

## IN THE CIRCUIT COURT OF HOWELL COUNTY, MISSOURI

| | |
|---|---|
| D.O., a Minor Child, | ) |
| by and through her Natural Father | ) |
| and Mother, and Next Friends, | ) |
| S.O. and | ) |
| B.O., | ) |
| | ) |
| and | ) |
| | ) |
| S.O. and B.O. | ) |
| Husband and Wife, | ) |
| Plaintiffs, | ) |
| | )    Case No. |
| v. | ) |
| | ) |
| OZARK HORIZON STATE SCHOOL | ) |
| Serve: 1715 Wayhaven Drive | ) |
|     West Plains, MO 65775 | ) |
| | ) |
| BARBARA E. BAKER, | ) |
| Individually and in her official capacity, | ) |
| Serve: 1407 Country Road 8530 | ) |
|     West Plains, MO 65775 | ) |
| | ) |
| VERNETTA M. BURGESS, | ) |
| individually and in her official capacity, | ) |
| Serve: 11034 Country Road 8470 | ) |
|     West Plains, MO 65775 | ) |
| | ) |
| KAREN K GORE, | ) |
| individually and in her official capacity, | ) |
| Serve: 208 Belmont | ) |
|     Mountain View, MO 65548 | ) |
| | ) |
| TERESIA ELAINE HUDDLESTON, | ) |
| individually and in her official capacity, | ) |
| Serve: 10245 Country Road 634 | ) |
|     Birch Tree, MO 65438 | ) |

CHERYL L O'FARRELL-SILVA,       )
individually and in her official capacity,  )
Serve:  1385 S. Highway 137        )
Willow Springs, MO 65793         )
                                 )
BARBARA KAY STARK,          )
individually and in her official capacity,  )
Serve:  HC 89 Box 203            )
Winona, MO 65588              )
                                 )
SHERYL YOUNGBLOOD        )
Individually and in her official capacity.  )
Serve:  1715 Wayhaven Drive      )
West Plains, MO 65775         )
                                 )
MISSOURI STATE BOARD OF    )
EDUCATION,                   )
                                 )
MISSOURI DEPARTMENT OF     )
ELEMENTARY AND SECONDARY )
EDUCATION,s                  )
                                 )
MISSOURI SCHOOLS FOR THE   )
SEVERELY DISABLED,        )
                                 )
       Defendants.               )

## ORDER APPOINTING NEXT FRIENDS

This matter having come before the Court upon the verified Petition for the appointment of next friends to assist in the prosecution of this matter, and the Plaintiffs having consented to act as next friends of the minor child herein,

**IT IS HEREBY ORDERED** that the Plaintiffs, S.O and B.O., are appointed as next friends of the minor child herein for purposes of instituting and prosecuting an action for determination of paternity, custody, visitation and support.

***SO ORDERED.***

DATED: _____, 2022

_____
JUDGE

Electronically Filed - Howell - September 08, 2022 - 11:08 AM

**IN THE CIRCUIT COURT OF HOWELL COUNTY, MISSOURI**

| | |
|---|---|
| D.O., a Minor Child, | ) |
| by and through her Natural Father | ) |
| and Mother, and Next Friends, | ) |
| S.O. and | ) |
| B.O., | ) |
| | ) |
|       and | ) |
| | ) |
| S.O. and B.O. | ) |
| Husband and Wife, | ) |
|       Plaintiffs, | ) |
| | )   Case No. |
| v. | ) |
| | ) |
| OZARK HORIZON STATE SCHOOL | ) |
| Serve: 1715 Wayhaven Drive | ) |
|      West Plains, MO 65775 | ) |
| | ) |
| BARBARA E. BAKER, | ) |
| Individually and in her official capacity, | ) |
| Serve: 1407 Country Road 8530 | ) |
|      West Plains, MO 65775 | ) |
| | ) |
| VERNETTA M. BURGESS, | ) |
| individually and in her official capacity, | ) |
| Serve: 11034 Country Road 8470 | ) |
|      West Plains, MO 65775 | ) |
| | ) |
| KAREN K GORE, | ) |
| individually and in her official capacity, | ) |
| Serve: 208 Belmont | ) |
|      Mountain View, MO 65548 | ) |
| | ) |
| TERESIA ELAINE HUDDLESTON, | ) |
| individually and in her official capacity, | ) |
| Serve: 10245 Country Road 634 | ) |
|      Birch Tree, MO 65438 | ) |

CHERYL L O'FARRELL-SILVA,                          )
individually and in her official capacity,          )
Serve:  1385 S. Highway 137                        )
Willow Springs, MO 65793                           )
                                                    )
BARBARA KAY STARK,                                 )
individually and in her official capacity,          )
Serve:  HC 89 Box 203                              )
Winona, MO 65588                                   )
                                                    )
SHERYL YOUNGBLOOD                                  )
Individually and in her official capacity.          )
Serve: 1715 Wayhaven Drive                         )
West Plains, MO 65775                              )
                                                    )
MISSOURI STATE BOARD OF                            )
EDUCATION,                                          )
                                                    )
MISSOURI DEPARTMENT OF                             )
ELEMENTARY AND SECONDARY                           )
EDUCATION,s                                         )
                                                    )
MISSOURI SCHOOLS FOR THE                           )
SEVERELY DISABLED,                                 )
                                                    )
        Defendants.                                )

## <u>ORDER APPOINTING SPECIAL PROCESS SERVER</u>

    **IT IS HEREBY ORDERED** that Amanda Scrivner is hereby appointed as a special process

server for the purpose of service of Plaintiff's Garnishment Application/Order and

Interrogatories to Garnishee and any other related documents in the above-styled action.

Dated: _____                    _____
                                            Clerk



# IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>STEVEN A PRIVETTE | Case Number:  22AL-CC00101 |
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O  BOX 1168<br>BRANSON, MO  65615 |
| vs. | |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT<br>106 COURTHOUSE<br>WEST PLAINS, MO  65775 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **OZARK HORIZON STATE SCHOOL**
                            **Alias:**

**1715 WAYHAVEN DRIVE**
**WEST PLAINS, MO  65775**

*COURT SEAL OF*

CIRCUIT COURT OF MISSOURI

*HOWELL COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| | |
|---|---|
| _____09/09/2022_____ | */S/Cynthia Lee*, Circuit Clerk |
| Date | By: Crystal A. Howell |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
     Printed Name of Sheriff or Server                                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                    Date                                          Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 22-SMCC-349**  1 of 1  (22AL-CC00101)  Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:22-cv-03265-WBG   Document 1-1   Filed 10/12/22   Page 42 of 57



# IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>STEVEN A PRIVETTE | Case Number: 22AL-CC00101 |
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O BOX 1168<br>BRANSON, MO 65615 |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT<br>106 COURTHOUSE<br>WEST PLAINS, MO 65775 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **BARBARA E BAKER**
**Alias:**

**1407 COUNTRY ROAD 8530**
**WEST PLAINS, MO 65775**

*COURT SEAL OF*

*HOWELL COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| | |
|---|---|
| _____09/09/2022_____ | _/S/Cynthia Lee_, Circuit Clerk |
| Date | By: Crystal A. Howell |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
        Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

_____        _____
          Date                                          Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only*: **Document ID # 22-SMCC-350** 1 of 1 (22AL-CC00101) Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:22-cv-03265-WBG   Document 1-1   Filed 10/12/22   Page 43 of 57



# IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>STEVEN A PRIVETTE | **Case Number:  22AL-CC00101** |
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O  BOX 1168<br>BRANSON, MO  65615 |
| vs. | |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT<br>106 COURTHOUSE<br>WEST PLAINS, MO  65775 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  **VERNETTA M. BURGESS**
                                    **Alias:**

**11034 COUNTRY ROAD 8470**
**WEST PLAINS, MO  65775**

*COURT SEAL OF*

*HOWELL COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| 09/09/2022 | /S/*Cynthia Lee*, Circuit Clerk |
|---|---|
| Date | By: Crystal A. Howell |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                           Date                                                    Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>STEVEN A PRIVETTE | Case Number: 22AL-CC00101 |
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O BOX 1168<br>BRANSON, MO 65615 |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT<br>106 COURTHOUSE<br>WEST PLAINS, MO 65775 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **KAREN K. GORE**
**Alias:**

**208 BELMONT**
**MOUNTAIN VIEW, MO 65548**

*COURT SEAL OF*

*HOWELL COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| | |
|---|---|
| 09/09/2022 | /S/Cynthia Lee, Circuit Clerk |
| Date | By: Crystal A. Howell |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
Date                                    Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only*: Document ID # 22-SMCC-352    1 of 1 (22AL-CC00101)    Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:22-cv-03265-WBG   Document 1-1   Filed 10/12/22   Page 45 of 57



# IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>STEVEN A PRIVETTE | **Case Number: 22AL-CC00101** |
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O BOX 1168<br>BRANSON, MO 65615 |
| vs. | |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT<br>106 COURTHOUSE<br>WEST PLAINS, MO 65775 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **TERESIA E. HUDDLESTON**
             **Alias:**

**10245 COUNTRY ROAD 634**
**BIRCH TREE, MO 65438**

*COURT SEAL OF*

*HOWELL COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

          _____09/09/2022_____      _/S/Cynthia Lee_, Circuit Clerk
                    Date                                 By: Crystal A. Howell

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____       _____
     Printed Name of Sheriff or Server                         Signature of Sheriff or Server

              **Must be sworn before a notary public if not served by an authorized officer:**

              Subscribed and sworn to before me on _____ (date).

*(Seal)*

              My commission expires: _____      _____
                                 Date                            Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID #22-SMCC-353** 1 of 1 (22AL-CC00101) Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:22-cv-03265-WBG    Document 1-1    Filed 10/12/22    Page 46 of 57



# IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>STEVEN A PRIVETTE | Case Number:  22AL-CC00101 |
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O  BOX 1168<br>BRANSON, MO  65615 |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT<br>106 COURTHOUSE |
| Nature of Suit:<br>CC Other Tort | WEST PLAINS, MO  65775 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CHERYL O'FARRELL-SILVA
                          Alias:

**1385 S. HIGHWAY 137**
**WILLOW SPRINGS, MO  65793**

*COURT SEAL OF*

*HOWELL COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____09/09/2022_____          _/S/Cynthia Lee_, Circuit Clerk
           Date                          By: Crystal A. Howell

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
        Printed Name of Sheriff or Server                   Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                              Date                              Notary Public

### Sheriff's Fees, if applicable
Summons                          $_____
Non Est                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge           $_____10.00_____
Mileage                          $_____ (_____ miles @ $._____ per mile)
**Total**                        $_____
A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 6:22-cv-03265-WBG   Document 1-1   Filed 10/12/22   Page 47 of 57



# IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>STEVEN A PRIVETTE | Case Number:  22AL-CC00101 |
| Plaintiff/Petitioner:<br>DANE OLIVER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O  BOX 1168<br>BRANSON, MO  65615 |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT<br>106 COURTHOUSE<br>WEST PLAINS, MO  65775 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  SHERYL YOUNGBLOOD
   Alias:

**1715 WAYHAVEN DRIVE**
**WEST PLAINS, MO  65775**

*COURT SEAL OF*

*HOWELL COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| | |
|---|---|
| <u>09/14/2022</u> | <u>/S/*Cynthia Lee*</u>, Circuit Clerk |
| Date | By: Crystal A. Howell |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                              Date                                                   Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 22-SMCC-362**  1 of 1  (22AL-CC00101)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:22-cv-03265-WBG   Document 1-1   Filed 10/12/22   Page 48 of 57



# IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>STEVEN A PRIVETTE | **Case Number:  22AL-CC00101** |
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O  BOX 1168 |
| vs. | BRANSON, MO  65615 |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT<br>106 COURTHOUSE |
| Nature of Suit:<br>CC Other Tort | WEST PLAINS, MO  65775 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  **MISSOURI SCHOOLS FOR THE SEVERELY DISABLED**
**Alias:**

**205 JEFFERSON STREET**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*

*HOWELL COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| | |
|---|---|
| <u>09/09/2022</u><br>Date | */S/Cynthia Lee*, Circuit Clerk<br>By: Crystal A. Howell |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____      _____
Date                                                    Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 6:22-cv-03265-WBG   Document 1-1   Filed 10/12/22   Page 49 of 57



# IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>STEVEN A PRIVETTE | Case Number:  22AL-CC00101 |
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O  BOX 1168<br>BRANSON, MO  65615 |
| vs. | |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT<br>106 COURTHOUSE<br>WEST PLAINS, MO  65775 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  **MISSOURI DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION**
                                     **Alias:**

**205 JEFFERSON STREET**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*

*HOWELL COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| 09/09/2022 | /S/ Cynthia Lee, Circuit Clerk |
|---|---|
| Date | By: Crystal A. Howell |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
        Printed Name of Sheriff or Server                                      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                        Date                                                    Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $      10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>STEVEN A PRIVETTE | **Case Number: 22AL-CC00101** |
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O BOX 1168<br>BRANSON, MO 65615 |
| vs. | |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT<br>106 COURTHOUSE<br>WEST PLAINS, MO 65775 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:  MISSOURI STATE BOARD OF EDUCATION**
**Alias:**

**205 JEFFERSON STREET**
**JEFFERSON CITY, MO 65101**

*COURT SEAL OF*

*HOWELL COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| | |
|---|---|
| <u>09/09/2022</u><br>Date | /S/ *Cynthia Lee*, Circuit Clerk<br>By: Crystal A. Howell |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                                    Date                                            Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 22-SMCC-357** 1 of 1 (22AL-CC00101) Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20, 506.120 – 506.140, and 506.150 RSMo

Case 6:22-cv-03265-WBG   Document 1-1   Filed 10/12/22   Page 51 of 57



# IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>STEVEN A PRIVETTE | Case Number:  22AL-CC00101 |
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O  BOX 1168<br>BRANSON, MO  65615 |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT<br>106 COURTHOUSE |
| Nature of Suit:<br>CC Other Tort | WEST PLAINS, MO  65775 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  **BARBARA K. STARK**
**Alias:**

**HC 89 BOX 203**
**WINONA, MO  65588**

*COURT SEAL OF*

*HOWELL COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____09/09/2022_____          /S/*Cynthia Lee*, Circuit Clerk
                Date                                                      By: Crystal A. Howell

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
        Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

          My commission expires: _____          _____
                                              Date                                                Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only*: Document ID # 22-SMCC-355   1 of 1 (22AL-CC00101)    Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:22-cv-03265-WBG   Document 1-1   Filed 10/12/22   Page 52 of 57



# IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>STEVEN A PRIVETTE | Case Number: 22AL-CC00101 |
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O BOX 1168<br>BRANSON, MO 65615 |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT |
| Nature of Suit:<br>CC Other Tort | 106 COURTHOUSE<br>WEST PLAINS, MO 65775<br><div align="right">(Date File Stamp)</div> |

## Summons in Civil Case

The State of Missouri to: **OZARK HORIZON STATE SCHOOL**

**1715 WAYHAVEN DRIVE**
**WEST PLAINS, MO 65775**

Alias:

**COURT SEAL OF**

**HOWELL COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 09/09/2022 | /S/Cynthia Lee, Circuit Clerk |
|---|---|
| Date | By: Crystal A. Howell |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☑ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____

Served at _1715 WAYHAVEN DRIVE_ (address)

in _WEST PLAINS_ (County/City of St. Louis), MO, on _9/13/22_ (date) at _10:52 am_ (time).

_AMANDA SCRIVNER_
Printed Name of Sheriff or Server

_A. mans M_
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

_(Seal)_

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

| Date | Notary Public |
|---|---|

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | ( ___ miles @ $. ___ per mile) |
| Total | $ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

 **IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI**

| Judge or Division:<br>STEVEN A PRIVETTE | Case Number: 22AL-CC00101 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O BOX 1168<br>BRANSON, MO 65615 | |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT<br>106 COURTHOUSE | |
| Nature of Suit:<br>CC Other Tort | WEST PLAINS, MO 65775 | (Date File Stamp) |

<div align="center">

## Summons in Civil Case

</div>

| | | |
|---|---|---|
| The State of Missouri to: KAREN K. GORE<br>Alias: | | |
| **208 BELMONT<br>MOUNTAIN VIEW, MO 65548** | | |
| COURT SEAL OF<br><br>HOWELL COUNTY | You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition. | |

| | 09/09/2022 | /S/ *Cynthia Lee, Circuit Clerk* |
|---|---|---|
| | Date | By: Crystal A. Howell |
| | Further Information: | |

<div align="center">

**Sheriff's or Server's Return**

</div>

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☒ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____

Served at ___209 BELMONT___ (address)
in ___MOUNTAIN VIEW___ (County/City of St. Louis), MO, on ___9/12/22___ (date) at ___1.04 PM___ (time).

___AMANDA SCRIVNER___          ___/s/___
Printed Name of Sheriff or Server          Signature of Sheriff or Server

<div align="center">Must be sworn before a notary public if not served by an authorized officer:</div>

| | Subscribed and sworn to before me on _____ (date). | |
|---|---|---|
| *(Seal)* | | |
| | My commission expires: _____ | _____ |
| | Date | Notary Public |

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| Total | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Howell - September 14, 2022 - 02:35 PM



# IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI

| Judge or Division:<br>STEVEN A PRIVETTE | Case Number: 22AL-CC00101 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O BOX 1168<br>BRANSON, MO 65615 | |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT<br>106 COURTHOUSE | |
| Nature of Suit:<br>CC Other Tort | WEST PLAINS, MO 65775 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: VERNETTA M. BURGESS
Alias:

11034 COUNTRY ROAD 8470
WEST PLAINS, MO 65775

**COURT SEAL OF**

**HOWELL COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 09/09/2022 | /S/Cynthia Lee, Circuit Clerk |
|---|---|
| Date | By: Crystal A. Howell |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☑ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____

Served at 11034 COUNTRY ROAD 8470 _____ (address)

in WEST PLAINS _____ (County/City of St. Louis), MO, on 9/12/22 (date) at 11:16 AM (time).

AMANDA SCRIVNER

Printed Name of Sheriff or Server

_Amanda M_____ 

Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____

Date _____ Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| Total | $ _____ |

A copy of the summons and petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 22-SMCC-351** 1 of 1 (22AL-CC00101) Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 506.120 through 506.140, and 506.150 RSMo

Case 6:22-cv-03265-WBG Document 1-1 Filed 10/12/22 Page 55 of 57



# IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI

| Judge or Division:<br>STEVEN A PRIVETTE | Case Number: 22AL-CC00101 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O BOX 1168<br>BRANSON, MO 65615 | |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT | |
| Nature of Suit:<br>CC Other Tort | 106 COURTHOUSE<br>WEST PLAINS, MO 65775 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CHERYL O'FARRELL-SILVA
Alias:

1385 S. HIGHWAY 137
WILLOW SPRINGS, MO 65793

**COURT SEAL OF**

**HOWELL COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09/09/2022
Date

/S/Cynthia Lee, Circuit Clerk
By: Crystal A. Howell

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☒ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at 1385 S. HIGHWAY 137 (address)
in WILLOW SPRINGS (County/City of St. Louis), MO, on 9/12/22 (date) at 7:26 PM (time).

AMANDA SCRIVNER
Printed Name of Sheriff or Server

_____ Mane
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

**Sheriff's Fees, if applicable**

| Summons | $ _____ |
|---|---|
| Non Est | $ _____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 37TH JUDICIAL CIRCUIT, HOWELL COUNTY, MISSOURI**

| Judge or Division:<br>STEVEN A PRIVETTE | Case Number: 22AL-CC00101 |
|---|---|
| Plaintiff/Petitioner:<br>DANE OLIVER ET AL | Plaintiff's/Petitioner's Attorney/Address<br>DAYRELL LYNN SCRIVNER<br>P O BOX 1168<br>BRANSON, MO 65615 |
| vs. | |
| Defendant/Respondent:<br>OZARK HORIZON STATE SCHOOL ET AL | Court Address:<br>HOWELL COUNTY CIRCUIT COURT<br>106 COURTHOUSE |
| Nature of Suit:<br>CC Other Tort | WEST PLAINS, MO 65775 |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to: OZARK HORIZON STATE SCHOOL** - *SHERYL YOUNGBLOOD*
Alias:

**1715 WAYHAVEN DRIVE**
**WEST PLAINS, MO 65775**

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

**HOWELL COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 09/09/2022 | /S/Cynthia Lee, Circuit Clerk |
|---|---|
| Date | By: Crystal A. Howell |

Further Information: _____

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)

☑ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____

Served at __1715 WAYHAVEN DRIVE__ (address)
in __WEST PLAINS__ (County/City of St. Louis), MO, on __9/12/22__ (date) at __10:32 am__ (time).

__AMANDA SCRUGGS__                    x_Amanda Mc Spe___
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
| | Date | | Notary Public |

### Sheriff's Fees, if applicable

| Summons | $_____ |
|---|---|
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (___ miles @ $.___ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 22-SMCC-349   1 of 1 (22AL-CC00101)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:22-cv-03265-WBG   Document 1-1   Filed 10/12/22   Page 57 of 57