IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| D.O., by and through S.O. and B.O., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 22-03265-CV-W-WBG |
| OZARK HORIZON STATE SCHOOL, et al., | ) |
| Defendants. | ) |

## ORDER

On April 4, 2023, the Court ordered S.O. and B.O. to file the court order appointing them as D.O.'s next friends (or seek said relief in this Court) and show cause as to why their identities should remain confidential in this matter. Doc. 57 at 1. On April 17, 2023, S.O. and B.O. filed an Unopposed Motion for Appointment of Next Friend (Doc. 62) and an Unopposed Motion to Raise the Security Level (Doc. 63).[1] As set forth below, the Court **DENIES WITHOUT PREJUDICE** the Motion for Appointment of Next Friend and **GRANTS** the Motion to Raise the Security Level.

Appointment of Next Friends

S.O. and B.O., who are D.O.'s biological and legal parents, ask the Court to appoint them as Next Friends of D.O., who is thirteen years old. Doc. 62. They maintain it is in D.O.'s best interest that his parents institute this action "for the purpose of prosecuting the civil suit filed in the above captioned matter." *Id*. According to the motion, "[a]ll parties have consented in writing to" S.O. and B.O.'s motion. *Id*. at 2. The Court welcomes and appreciates the parties conferring with one another before seeking relief. Nonetheless, before the Court can appoint someone to serve as a next

---

[1] The latter motion was also entitled "Unopposed Motion for Appointment of Friend." *See* Doc. 63. But, in the opening paragraph of the motion, S.O. and B.O. indicate they are providing suggestions in support of their "Motion to Raise the Security Level." Doc. 63 at 1. To avoid confusion, the Court refers to the latter motion as a Moton to Raise the Security Level.

friend, "the written consent of the person proposed to be next friend . . . shall be filed . . . ." Mo. Rev. Stat. § 507.170. Without S.O.'s and B.O.'s written consents, the Court cannot appoint them as next friends. *See id*. Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Motion for Appointment of Next Friend.

Pursuant to Missouri law, a person must be appointed as next friend "before any proceedings shall be had in the cause." *Id*. To date, S.O. and B.O. have not been appointed as next friends. By no later than **May 11, 2023**, S.O. and B.O. must file a motion, conforming with the Missouri law requirements, seeking appointment as next friends.

Parents' Use of Initials

S.O. and B.O. have proceeded in this matter by using initials only.[2] In response to the Court's Order directing them to show cause why their identities should remain confidential, S.O. and B.O. maintain it is in D.O.'s best interests that "the Court's security level on this case be increased so that searches of the case through PACER/CASE.NET, or the case file in general, will not provide the general public with unnecessary and potentially harmful information regarding the minor child or the parties." Doc. 63 at 1. They also contend the issues presented in this case are "of public interest," but S.O.'s and B.O.'s identities are not of public interest. *Id*. Additionally, S.O.'s and B.O.'s use of initials "will not adversely impact or affect the public interest, but it will serve to protect the minor Plaintiff from further injury." *Id*. at 2. They also aver if they are required to use their names, it "would have a chilling effect on similar victims of assault" and "discourag[e] future cases from being reported or filed." *Id*.

---

[2] The motion also asks that D.O., who is a minor, be permitted to proceed under his initials. Doc. 63 at 1. Pursuant to the Federal Rules of Civil Procedure, filings must identify minors by their initials. Fed. R. Civ. P. 5.2(a)(3); *see also* U.S. Dist. Ct., W. Dist. of Mo., CM/ECF Civil & Administrative Proceedings Manual & Users Guide, at 10-11 (Jan. 1, 2008), available at www.mow.uscourts.gov/sites/mow/files/AdministrativeGuideandUserManual.pdf. Thus, any request for D.O. to continuing using his initials is denied as moot.

The Federal Rules of Civil Procedure require a matter "be prosecuted in the name of the real party of interest." Fed. R. Civ. P. 17(a); *see also* Fed. R. Civ. P. 10(a) (requiring pleadings to name the parties). And courts have observed a strong presumption against using initials or pseudonyms. *See, e.g.*, *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 67-68 (1st Cir. 2022); *In re Sealed Case*, 971 F.3d 324, 325-26 (D.C. Cir. 2020); *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). Requiring a party to identify itself protects the public's right to have open judicial proceedings and the public's "legitimate interest in knowing all of the facts involved, including the identity of the parties." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (citation omitted); *see also Doe v. Vill. of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016).

Yet, this Court has discretion to allow a party to proceed anonymously or by initials in limited circumstances. *See Megless*, 654 F.3d at 408; *Francis*, 631 F.3d at 1315-16. The Eighth Circuit has not articulated guidance on when a party may proceed anonymously or using initials, but other courts provide direction. In making this determination, courts have considered numerous factors including, but not limited to, whether the party's privacy right outweighs the presumption of open judicial proceedings, the level of public interest in accessing the litigants' identities, and whether proceeding under a party's identity will cause the party severe harm, harm innocent non-parties, or could have a chilling effect on future litigants who may be similarly situated. *See, e.g.*, *Mass. Inst. of Tech.*, 46 F.4th at 70-72 (citations omitted); *Megless*, 654 F.3d at 409; *Francis*, 631 F.3d at 1315-16; *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

According to the Amended Complaint, S.O. and B.O. are the parents of D.O., who is a minor. Doc. 60 at 1. D.O. was allegedly hit, shoved, kicked, pinned against a desk, knocked out of his seat, and emotional abused by certain Defendants, who were teachers, teachers' aides, and/or bus drivers. *Id*. at 3-4, 7-11, 13-15, 21-22. Other Defendants failed to report the actions and/or take remedial actions. *Id*. at 8-14, 17-20, 22, 25. Defendants are alleged to have acted in bad faith, made false

3

representations, had improper motives, and acted wantonly, maliciously, recklessly, intentionally, knowingly, deliberately, and discriminatorily. *Id*. at 8-9, 14, 16, 18, 20-25. D.O. has suffered severe pain, medically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and disruption of his education and life. *Id*. at 11-12, 14, 16, 18, 20, 24. As D.O.'s parents, S.O. and B.O. have sustained diagnosable emotional distress, embarrassment, outrage, fear, anxiety, and humiliation. *Id*. at 12, 25.

Based on S.O. and B.O.'s motion and the allegations set forth in the Amended Complaint, the Court finds the level of public interest in accessing the litigants' identities is low, S.O.'s and B.O.'s identities (if revealed) may cause them and their minor son harm, S.O.'s and B.O.'s privacy rights outweigh the presumption of openness in judicial proceedings, and requiring S.O. and B.O. to use their real names may chill future similar litigation. Additionally, the Court is mindful that disclosing the identities of S.O. and B.O. would likely lead to the disclosure of D.O.'s identity. In addition to being a minor, D.O. who, as a severely developmentally disabled and non-verbal minor who was the victim of alleged physical and verbal abuse, is particularly vulnerable. *See Plaintiff A v. Park Hill Sch. Dist.*, No. 21-06153-CV-SJ-SRB (Nov. 12, 2012) (Doc. 5) (allowing parents of expelled and suspended ninth graders to use pseudonyms); *Doe 6 v. St. Louis Charter Sch.*, No. 4:19-CV-2780 NAB, 2019 WL 5863981, at *2 (E.D. Mo. Nov. 8, 2019) (allowing parents of minor victim of sexual assault to use pseudonyms). Upon consideration of the foregoing factors and with Defendants' consent, the Court **GRANTS** S.O.'s and B.O.'s request to use their initials during the pendency of this proceeding.

**IT IS SO ORDERED.**

DATE: May 4, 2023  /s/ W. Brian Gaddy
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE