# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

D.O., by and through S.O. and B.O.,    )
                         )
          **Plaintiff,**         )
                         )
**vs.**                        )    **Case No. 22-03265-CV-W-WBG**
                         )
**OZARK HORIZON STATE SCHOOL,**    )
**et al.,**                      )
                         )
          **Defendants.**    )

## ORDER AND OPINION

Pending are Defendant Sheryl Youngblood's Motion to Dismiss First Amended Petition (Doc. 66); Defendants Barbara E. Baker, Vernetta M. Burgess, Karen K. Gore, Teresia Elaine Huddleston, Cheryl L. O'Farrell-Silva, and Barbara Kay Stark's Motion to Dismiss (Doc. 70); Defendants Missouri State Board of Education, Missouri Department of Elementary and Secondary Education, and Missouri Schools for the Severely Disabled's Motion to Dismiss (Doc. 73); and Defendant Ozark Horizon State School's Motion to Dismiss (Doc. 75). As more fully explained below, the motions to dismiss filed by Youngblood, Baker, Burgess, Gore, Huddleston, O'Farrell-Silva, and Stark (Docs. 66, 70) are **GRANTED IN PART** and **DENIED IN PART**; and the remaining motions to dismiss (Docs. 73, 75) are **DENIED**.

## I.      BACKGROUND[1]

In March 2022, D.O., a severely developmentally disabled and non-verbal child, was a student at Ozark Horizon State School ("OHSS"). Doc. 60 at 1, 4.[2] OHSS is a Missouri public

---

[1] Plaintiffs' First Amended Petition (Doc. 60) provides the information in this section. At this stage, Plaintiffs' allegations must be accepted as true and viewed in the light most favorable to them. *See infra*, section II(B)(1).

[2] The Court cites the pagination ECF automatically applies to filings, which may differ from the parties' pagination.

day school for the severely disabled, and as such, is under the control of the Missouri State Board of Education ("MSBE"), the Missouri Department of Elementary and Secondary Education ("MDESE"), and the Missouri Schools for the Severely Disabled ("MSSD"). *Id*. at 1, 3-4.

D.O., by and through his parents and Next Friends, S.O. and B.O.,[3] bring this lawsuit, which arises from D.O.'s treatment at OHSS. *Id*. at 7-26. They allege OHSS employees Karen K. Gore, Barbara Kay Stark, Teresia Elaine Huddleston, and Cheryl L. O'Farrell-Silva committed various acts of physical assault against D.O., which included pinning D.O.'s head, neck, and chest against a desk; repeatedly hitting his face with a pillow; shoving, striking, and kicking him; pulling his hair; jerking him backwards by his shirt; and yelling at him. *Id*. at 1-4, 7-8, 10. Plaintiffs claim OHSS employees Vernetta M. Burgess, Barbara E. Baker, and Sheryl Youngblood "observed and/or had personal knowledge of the physical assaults/abuse endured by" D.O. but did not stop, remedy, or report the abuse to the appropriate authorities. *Id*. at 1-4, 8-10. D.O.'s parents maintain they were not informed of the assault and abuse until OHSS directed them to pick up D.O. *Id*. at 9. At that time, OHSS's employees, "in an effort to cover up the factual assaults," told them D.O. "'destroyed' the classroom and needed to be removed from the school," and "in-home educational services" would cease for school employees' safety. *Id*.

Plaintiffs also contend OHSS, MSBE, MDESE, and MSSD failed to protect D.O. from the assaults. *Id*. at 17. They aver OHSS, MSBE, MDESE, and MSSD knew about the initial assaults but "acted with deliberate indifference" by failing to, *inter alia*, "establish and implement effective policies, procedures and training to properly prevent, investigate and address assaults and harassment of students"; "follow . . . procedures . . . to properly prevent, investigate and address assaults and harassment of students"; "promptly and appropriately respond to [D.O.]'s initial

---

[3] In May 2023, the Court appointed S.O. and B.O. as D.O.'s Next Friends. Doc. 82.

assault"; "properly report, investigate and address the initial assaults against [D.O.] thereby allowing additional and worsening assaults to occur"; "impartially investigate the initial assaults . . . and further falsifying their reports"; "appropriate[ly] and immediately take remedial actions regarding the assaults against [D.O.] thereby allowing the school staff to remain in their positions and allowing further ongoing assaults against [D.O.]"; and "protect the education of" D.O. *Id*. at 17-21.

In their First Amended Petition,[4] Plaintiffs assert claims of negligence (Count I), assault and battery (Count V), intentional infliction of emotional distress (Count VI), and fraud (Count VII) against Gore, Stark, Huddleston, O'Farrell-Silva, Burgess, Baker, and Youngblood ("Individual Defendants"). *Id*. at 13-14, 21-24. They also allege a claim of negligent supervision (Count II) against Youngblood and negligent infliction of emotional distress (Count VIII)[5] against Burgess, Baker, and Youngblood. *Id*. at 14-16, 24-26. Further, Plaintiffs aver OHSS, MSBE, MDESE, and MSSD violated the Americans with Disabilities Act ("ADA") and the Americans with Disabilities Act Amendments Act ("ADAAA") (Count III) as well as the Rehabilitation Act of 1973 (Count IV). *Id*. at 17-21.

In April and May 2023, Defendants filed the pending four motions to dismiss. Docs. 66, 70, 73, 75. All Defendants move to dismiss this matter, arguing Plaintiffs fail to state a claim upon which relief may be granted. *See* Docs. 66-67, 70-71, 73-76. In addition, Youngblood, Burgess, and Baker argue certain claims against them should be dismissed because they are entitled to

---

[4] On September 8, 2022, Plaintiffs filed a Petition in the Circuit Court of Howell County, Missouri. Doc. 1-1 at 1-31. On October 12, 2022, the matter was removed to this Court. Doc. 1. In response to Plaintiffs' Petition, Defendants filed motions to dismiss. *See* Docs. 25, 27, 35. In April 2023, Plaintiffs sought and were granted leave to file their First Amended Petition. Docs. 58-59. Although the Court construes Plaintiffs' filing (Doc. 60) as an amended complaint, it refers to the filing as it is titled, First Amended Petition. *See* Fed. R. Civ. P. 7(a)(1)

[5] Plaintiffs' First Amended Petition includes two claims identified as "Count VII." *See* Doc. 60 at 23-24. To avoid confusion, the Court refers to the second Count VII (negligent infliction of emotional distress/tort of outrage) as Count VIII throughout this Order.

official immunity.  *See* Docs. 66-67, 70-71.  And the Individual Defendants move to dismiss all claims against them based on sovereign immunity.  *See* Docs. 66-67, 70-71.

In May 2023, Plaintiffs filed their opposition to Defendants' motions.  *See* Docs. 83-86.  In June 2023, the Individual Defendants filed replies in further support of their motions to dismiss.  *See* Docs. 87-88.  OHSS, MSBE, MDESE, and MSSD did not file replies, and the time for doing so has passed.  L.R. 7.0(c)(3).  The motions are now fully briefed.  The Court first addresses the Individual Defendants' sovereign immunity argument and then turns to Defendants' arguments that Plaintiffs failed to state claims upon which relief may be granted.[6]

## II.     DISCUSSION[7]

## A.     **Sovereign Immunity**[8]

The Individual Defendants move to dismiss all claims against them in their official capacities because sovereign immunity bars said claims.  *See* Docs. 66-67, 70-71.  "[S]overeign immunity protects governmental entities from tort liability and can be invoked when a governmental official is sued only in his or her official capacity."  *State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187, 190 (Mo. banc 2019); *see also* Mo. Rev. Stat. § 537.600.1.  If not waived, sovereign immunity bars suits against government employees in their official capacities because

---

[6] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned's jurisdiction.  Doc. 41.

[7] The parties generally cite Missouri law when discussing immunity or state law claims, and no party maintains another jurisdiction's laws apply.  *See* Docs. 66-67, 70-71, 83-1, 84-2.  Thus, the Court applies Missouri law when addressing sovereign immunity, official immunity, and the substance of Plaintiffs' state law claims.

[8] Sovereign immunity is a jurisdictional, threshold matter properly addressed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1043 (8th Cir. 2000) (citation omitted).  When deciding a motion brought pursuant to Rule 12(b)(1), the court must distinguish between a "facial attack" and a "factual attack."  *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (citation omitted).  With a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)."  *Id.*  With a factual attack, "the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.*  Here, the Court need not determine whether the motions to dismiss present a facial or factual attack because Plaintiffs concede they are not bringing claims against the Individual Defendants in their official capacities. *See* Doc. 83 at 1; Doc. 83-1 at 2; Doc. 84 at 1; Doc. 84-1 at 2.

"such suits are essentially direct claims against the state." *State ex rel. Cravens v. Nixon*, 234 S.W.3d 442, 449 (Mo. Ct. App. 2007) (citation omitted).

In the First Amended Petition, Plaintiffs do not indicate the capacity in which they bring claims against the Individual Defendants. *See* Doc. 60. In response to the pending motions, however, Plaintiffs represent they are not asserting claims against the Individual Defendants in their official capacities. Doc. 83 at 1; Doc. 83-1 at 2; Doc. 84 at 1; Doc. 84-1 at 2. Because Plaintiffs' claims are not brought against the Individual Defendants in their official capacities, sovereign immunity is inapplicable. Thus, the Individual Defendants' motions to dismiss all claims against them in their official capacities on the basis of sovereign immunity are **DENIED AS MOOT**.

### B. Failure to State a Claim

#### (1) Applicable Legal Standard

All Defendants argue this matter must be dismissed because Plaintiffs fail to state a claim upon which relief may be granted. Docs. 66-67, 70-71, 73-76. To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Rule 8 pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The essential function of a complaint . . . is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quotations and citation omitted). But if the pleading merely contains "labels and conclusions,"

"formulaic recitation of the elements" of a claim, or "naked assertion[s]" lacking "further factual enhancement," the pleading standard is not satisfied. *Iqbal*, 556 U.S. at 678 (citation omitted).

To survive a motion to dismiss for failure to state a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 757 (8th Cir. 2021) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 757 (quoting *Braden*, 588 F.3d at 594).

In deciding a motion to dismiss, the Court considers several tenets. First, this Court must accept all factual allegations made in the complaint as true. *Braden*, 588 F.3d at 594. Second, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Id.* Third, the Court must construe all inferences in the light most favorable to the non-moving party. *Id.* at 595 ("*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice."). Fourth, direct evidence is not required, and factual allegations may be circumstantial. *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015). Finally, evaluating a complaint is context specific, and the Court must "draw on its judicial experience and common sense" when considering a motion to dismiss. *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 679).

### (2) Official Immunity

Youngblood, Burgess, and Baker argue Plaintiffs fail to adequately plead facts demonstrating certain claims against them are not barred by official immunity. Doc. 67 at 4-6;

Doc. 71 at 4-7. Specifically, Youngblood moves to dismiss Plaintiffs' claims of negligence (Count I), negligent supervision (Count II), and negligent infliction of emotional distress (Count VIII).[9] Doc. 67 at 4-6. Burgess and Baker move to dismiss all claims brought against them (Counts I, V, VI, VII, and VIII). Doc. 71 at 4-7.[10]

Generally, official immunity "protects public officials sued in their **individual capacities** from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *State ex rel. Barron v. Beger*, 655 S.W.3d 356, 360 (Mo. banc 2022) (quoting *Alsup*, 588 S.W.3d at 190) (emphasis added). Youngblood, Burgess, and Baker argue Plaintiffs' claims, as alleged in the First Amended Petition, are barred by official immunity. *See* Docs. 67, 71. Stated differently, they contend Plaintiffs insufficiently assert facts establishing their alleged claims are not barred by official immunity. *See id.*

In their motions, Youngblood, Burgess, and Baker do not argue Plaintiffs fail to sufficiently plead the capacities in which Defendants are sued. *See id.* Indeed, the motions seem to acknowledge Plaintiffs alleged claims against Youngblood, Burgess, and Baker in their individual capacities. *See* Doc. 67 at 4-6; Doc. 71 at 2, 4-6. Nonetheless, in their reply, Burgess and Baker argue, for the first time, Plaintiffs insufficiently plead the capacities in which they are sued. Doc. 88 at 2-3.[11] Their reply also suggests the only claims remaining against Burgess and Baker are

---

[9] Related to official immunity, Youngblood moves to dismiss Plaintiffs' negligent infliction of emotional distress claim, which, as explained above, was misnumbered as the second Count VII. Again, the Court refers to the negligent infliction of emotional distress claim as Count VIII.

[10] Burgess and Baker's motion does not seek dismissal of Count II. *See* Doc. 71 at 2 (requesting dismissal of Counts I, V, VI, VII, and VIII), and 7 (arguing Counts I, V, and VI fail to state a claim for relief). Yet, in their brief, Burgess and Baker argue Plaintiffs' negligent supervision claim is barred by respondeat superior. *Id.* at 9. Plaintiffs' First Amended Petition indicates Count II is brought against Youngblood only. Doc. 60 at 14. Nonetheless, Plaintiffs refer to "individual defendants" and "Defendants" throughout the allegations in Count II. *Id.* at 15-16. Given the lack of clarity and without additional briefing on this particular issue, the Court, at this juncture, will not decide if Plaintiffs sufficiently plead negligent supervision claims against Burgess and Baker.

[11] Youngblood does not raise this new argument in her reply. *See* Doc. 87.

official capacity claims. *Id*. at 2-3. Generally, courts do not address arguments raised for the first time in a reply. *See United States v. Wilkens*, 742 F.3d 354, 360 n.2 (8th Cir. 2014). For this reason alone, the Court could disregard this new argument. In this instance, the Court addresses the issue.

### (a)        Whether Burgess and Baker Are Sued in Their Individual Capacities

"[A] pleading need not allege . . . a party's capacity to sue or be sued" unless the pleader is "required to show the court has jurisdiction." Fed. R. Civ. P. 9(a)(1)(A). Because the Eleventh Amendment limits federal courts' jurisdiction in civil cases against states and their employees, the Eighth Circuit Court of Appeals requires a plaintiff wishing to sue a public official in his or her individual capacity to clearly state in the complaint that the public official is being sued in his or her individual capacity. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) (citation omitted). "Neither a cryptic hint in a plaintiff's complaint nor a statement made in response to a motion to dismiss is sufficient." *Egerdahl*, 72 F.3d at 620. If the complaint is silent as to the capacity in which the public official is being sued, the court "interpret[s] the complaint as including only official-capacity claims." *Baker*, 501 F.3d at 923 (quoting *Egerdahl*, 72 F.3d at 619).

In the initial Petition, the case caption indicated Plaintiffs brought claims against the Individual Defendants in their individual and official capacities. Doc. 1-1 at 1-2. In the First Amended Petition, however, Plaintiffs truncate the case caption, listing only OHSS followed by "et. al." Doc. 60 at 1. And nowhere in the First Amended Petition do Plaintiffs clearly state they are bringing claims against the Individual Defendants in their individual and/or official capacities. *See* Doc. 60.

Case 6:22-cv-03265-WBG   Document 89   Filed 08/16/23   Page 8 of 21

But the Court's analysis does not stop here. In their Answer to the First Amended Petition, Burgess and Baker acknowledge they are sued in their individual capacity in asserting the following affirmative defense: "Plaintiffs' claims against them in their personal capacity are barred by the doctrine of official immunity." Doc. 64 at 28. The Answer also specifies an "award of punitive damages against any Defendant" is capped by state statute but recognizes "[p]unitive damages are not allowed against any Defendant in her **official capacity** as they are protected by Sovereign Immunity." *Id*. (emphasis added). These allegations indicate Burgess and Baker are aware they are sued in their individual capacities. *See Davis v. Buchanan Cnty.*, No. 17-06058-CV-SJ-NKL, 2019 WL 7116363, at *5 (W.D. Mo. Dec. 23, 2029) (finding defendants "understood that they were being sued in their individual capacities" because they moved for summary judgment on punitive damages but did not argue dismissal based on unavailability of punitive damages against a public entity).[12] Based on the foregoing, the Court finds Burgess and Baker have waived any argument that the First Amended Petition is deficient for failing to specify whether Burgess and Baker were sued in their individual capacities.

### (b) Sufficiency of Pleading Claims Not Barred by Official Immunity

Now, the Court examines whether Plaintiffs sufficiently plead facts demonstrating official immunity does not bar Counts I, II, and VIII against Youngblood and/or Counts I, V, VI, VII, and VIII against Burgess and Baker. Official immunity protects those "employees who, despite limited resources and imperfect information, must exercise judgment in the performance of their duties." *A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 631 (Mo. Ct. App. 2016) (citation and quotation

---

[12] The Court also notes Burgess and Baker were initially represented by the same attorney who represented OHSS, MSBE, MDESE, and MSSD, but different counsel now represents the Individual Defendants. Docs. 4, 7, 24, 29, 39-40, 42, 50. This additional fact suggests Burgess and Baker understand they are being sued in their individual capacities. *See Davis v. Buchanan Cnty.*, No. 17-06058-CV-SJ-NKL, 2019 WL 7116363, at *5 (W.D. Mo. Dec. 23, 2029).

marks omitted). If a public employee performed a discretionary task, there is official immunity. *See id.* A task is considered discretionary if "reason and discretion" are used to determine "how an act should be done or what course of action should be pursued." *Id.* (citation omitted).

Official immunity does not apply to ministerial tasks. *Id.* (citation omitted). A ministerial task is clerical in nature. *Id.* A task is considered ministerial if one "is required to perform" the task "upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his [or her] own judgment or opinion concerning the propriety of the act to be performed." *Id.* (citation omitted). Additionally, official immunity does not apply to discretionary tasks done in bad faith or with malice. *Davis v. White*, 794 F.3d 1008, 1013 (8th Cir. 2015) (citation omitted) (construing Missouri state law). "A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another." *Id.* (citation omitted).

In the First Amended Petition, Plaintiffs allege Youngblood, Burgess, and Baker were required to strictly comply with their duties mandated by OHSS Policy 6410[13]; sections 566.100, 213.065.1, and 213.070.2 of the Missouri Revised Statutes; 20 U.S.C. § 1681; 42 U.S.C. §§ 1983 and 12131; the ADAAA; and section 504 of the Rehabilitation Act of 1973. Doc. 60 at 8, 11. Their strict compliance with OHSS's policy and federal and state statutes, according to Plaintiffs, "was not a discretionary function," "did not require Defendants to exercise judgment," and "was a ministerial duty imposed by the State of Missouri." *Id.* Plaintiffs contend Youngblood, Burgess, and Baker "observed and/or had personal knowledge of the physical assaults/abuse endured by" D.O. but "did not report the abuse to any appropriate law enforcement or child protective agency."

---

[13] OHSS Policy 6410 is not defined in the First Amended Petition. *See* Doc. 60. Although the First Amended Petition purports to attach OHSS's handbook as an exhibit (*see id.* at 4), the handbook is not attached.

*Id.* at 8, 10. By not reporting the abuse, Plaintiffs aver Youngblood, Burgess, and Baker breached OHSS's policy as well as "their duty of care and duty to protect D.O." *Id.* at 10.[14]

Accepting Plaintiffs' allegations as true and construing all inferences in the light most favorable to them, the Court finds Plaintiffs plead sufficient facts demonstrating official immunity does not bar Counts I, II, and VIII against Youngblood and/or Counts I, V, VI, VII, and VIII against Burgess and Baker. Therefore, the Court **DENIES** Youngblood's, Burgess's, and Baker's requests to dismiss the aforementioned claims on this basis.

### (3) Claims Against the Individual Defendants

#### (a) Negligence (Count I)

The parties agree a prima facie case of negligence requires (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach was the proximate cause of the plaintiff's injury. Doc. 67 at 6-7; Doc. 71 at 8; *see also Dilley v. Valentine*, 401 S.W.3d 544, 548 (Mo. Ct. App. 2013) (citation omitted). Youngblood, Burgess, and Baker contend Plaintiffs fail to sufficiently plead causation, and therefore, Plaintiffs' negligence claims (Count I) must be dismissed. Doc. 67 at 7-8; Doc. 71 at 8-9.

Upon review of Plaintiffs' First Amended Petition, the Court finds Plaintiffs sufficiently plead a claim for negligence against the Individual Defendants. Therein, Plaintiffs allege, *inter alia*, Youngblood, Burgess, and Baker observed and/or had personal knowledge of Gore, Stark, Huddleston, and/or O'Farrell-Silva "repeatedly" kicking, hitting, striking, and shoving D.O. Doc. 60 at 7-10, 13-14. According to Plaintiffs, Defendants knew D.O. was "unable to verbally

---

[14] In the alternative, Plaintiffs allege if strict compliance with OHSS's policies is considered "a discretionary function, Defendants acted in bad faith and with malice in contravention to the parents' specific instructions and expectations." Doc. 60 at 8. Because the Court finds Plaintiffs sufficiently plead facts demonstrating official immunity does not bar Counts I, II, and VII against Youngblood and/or Counts I, V, VI, VII, and VIII against Burgess and Baker, it is unnecessary to consider Plaintiffs' alternative argument.

communicate his suffering and needed to be protected and safeguarded by those in charge of his education and safety." *Id*. at 9, 13. Yet, Youngblood, Burgess, and Baker allegedly did not report the alleged assaults to proper authorities or "stop or remedy the ongoing abuse of" D.O., thereby breaching their duties to D.O. *Id*. at 8-14. Also, despite their legal obligations to D.O., Plaintiffs aver "[e]ach Defendant repeatedly ordered, allowed, and/or permitted unlawful conduct to be taken against D.O." *Id*. at 11. Because Youngblood, Burgess, and Baker breached their duties to D.O., Plaintiffs allege D.O. suffered physical and mental injuries, and his parents have sustained injuries and damages. *Id*. at 8-14.

Plaintiffs' First Amended Petition provides Defendants with "fair notice of the nature and basis or grounds for a claim." *Iqbal*, 556 U.S. at 678 (citation omitted). And their allegations state a claim for relief that is plausible on its face. *See id*. Accordingly, Plaintiffs sufficiently plead negligence claims against Youngblood, Burgess, and Baker. Thus, the Court **DENIES** Youngblood's, Burgess's, and Baker's motions to dismiss Plaintiffs' negligence claims (Count I).

### (b) Negligent Supervision (Count II)

A claim for negligent supervision claim is a variant of the common law tort of negligence. *Cook v. Smith*, 33 S.W.3d 548, 553 (Mo. Ct. App. 2000) (citation omitted). As such, a plaintiff must allege the same elements required for a negligence claim. *Davis v. Lutheran S. High Sch. Ass'n of St. Louis*, 200 S.W.3d 163, 165-66 (Mo. Ct. App. 2006) (citation omitted). As set forth *supra*, section III(C)(1), Plaintiffs sufficiently allege a negligence claim against Youngblood.

Youngblood argues Plaintiffs' negligent supervision claim must be dismissed because it is barred by respondeat superior. Doc. 67 at 9-10. She correctly represents "public officers are not responsible for acts of subordinate officials, if such subordinates are themselves employees of the government . . . ." *Davis-Bey v. Mo. Dep't of Corrs.*, 944 S.W.2d 294, 298 (Mo. Ct. App. 1997)

(citation omitted).  The public officer may be liable, however, if she directed, encouraged, ratified, or cooperated in the negligent conduct.  *Id*. at 298-99.

Youngblood contends Plaintiffs only allege she observed or was present during the assaults.  Doc. 67 at 10.  She argues they do not aver how or when she became aware of the assaults or what information she had.  *Id*.  What Youngblood fails to recognize is Plaintiffs allege, among other things, she breached her duty of care to D.O. by (1) failing "to properly supervise, train, or screen during the hiring process" the individuals who allegedly assaulted and abused D.O., (2) "assaulting D.O. and/or allowing D.O. to be repeatedly assaulted or abused without reporting said abuse or taking any actions to insure that the assaults and abuse were stopped and addressed," (3) failing to monitor or control the individuals who allegedly assaulted and abused D.O., and (4) not protecting "D.O. against foreseeable risks of harm – including assaults or abuse by other employees."  Doc. 60 at 15.  The First Amended Petition also avers "[e]ach Defendant repeatedly ordered, allowed, and/or permitted unlawful conduct to be taken against D.O."  *Id.* at 11.

When reading the First Amended Petition as a whole and viewing all allegations, including the foregoing, in the light most favorable to Plaintiffs, the Court finds Plaintiffs sufficiently plead a negligent supervision claim against Youngblood.  Thus, the Court **DENIES** Youngblood's motion to dismiss Plaintiffs' negligent supervision claim (Count II).

### (c)    Assault and Battery (Count V)

Youngblood, Burgess, and Baker move to dismiss Plaintiffs' claims of assault and battery, arguing Plaintiffs do not state claims upon which relief may be granted.  Doc. 67 at 10-11; Doc. 71 at 10.  For assault, a plaintiff must allege (1) the defendant's intent to cause bodily harm or offensive contact, or the apprehension of either, (2) the defendant's conduct indicated said intent, and (3) the defendant's conduct caused the plaintiff's apprehension of bodily harm or offensive

contact. *See Elias v. Davis*, 535 S.W.3d 737, 745 (Mo. Ct. App. 2017) (citation omitted). For battery, "the plaintiff must plead and prove an intended, offensive bodily contact with another person." *State ex rel. Halsey v. Phillips*, 576 S.W.3d 177, 181 n.5 (Mo. banc 2019).

In the First Amended Petition, Plaintiffs do not allege facts indicating Youngblood, Burgess, and Baker intended to cause bodily harm or offensive contact, or apprehension of bodily harm or offensive contact. *See* Doc. 60.[15] Nor do Plaintiffs aver Youngblood, Burgess, and Baker contacted D.O. in an offensive manner. *See id.* Because Plaintiffs fail to set forth these allegations, they fail to state claims of assault and battery, respectively, against Youngblood, Burgess, and Baker. Therefore, the Court **GRANTS** the motions to dismiss the assault and battery claims (Count V) against Youngblood, Burgess, and Baker.

### (d)     Intentional Infliction of Emotional Distress (Count VI)

Youngblood, Burgess, and Baker argue Plaintiffs fail to state a claim of intentional infliction of emotional distress. Doc. 67 at 11-13; Doc. 71 at 10-12. The tort of intentional infliction of emotional distress consists of the following: "(1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme or outrageous; and (3) the conduct must be the cause (4) of extreme emotional distress." *Thomas v. Special Olympics Mo., Inc.*, 31 S.W.3d 442, 446 (Mo. Ct. App. 2000) (citation omitted). "The conduct must have been 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. banc 1997) (quoting *Warrem v. Parrish,* 436 S.W.2d 670, 673 (Mo. 1969)).

---

[15] Notably, Plaintiffs aver "Individual Defendants Gore, Stark, O'Farrell-Silva and Huddleston, intended to cause harmful or offensive contact to D.O., or apprehension thereof." Doc. 60 at 21.

Additionally, the conduct must have been "intended **only** to cause extreme emotional distress to the victim." *Id.* (citation omitted and emphasis added).

"Where a defendant's conduct amounts to the commission of one of the traditional torts, such as battery, and the conduct was not intended only to cause extreme emotional distress to the victim, the tort of intentional emotional distress will not lie." *Halsey*, 576 S.W.3d at 181 (citation omitted); *see also K.G. v. R.T.R.*, 918 S.W.2d 795, 799 (Mo. banc 1996) (observing the claim of intentional infliction of emotional distress "was intended to supplement existing forms of recovery, not swallow them."). Put another way, "there is no independent action for intentional infliction of emotional distress where the existence of the claim is dependent upon" a common-law action, such as battery. *K.G.*, 918 S.W.2d at 800 (citation omitted). Rather, the plaintiff must recover damages "under the appropriate traditional common-law action." *Halsey*, 576 S.W.3d at 181

Plaintiffs do not allege Youngblood, Burgess, and Baker engaged in conduct only to cause D.O. emotional distress. *See* Doc. 60. Instead, they allege Defendants' physical assault of, emotional abuse of, and failure to report the assault/abuse caused [D.O.] physical and emotional damages . . . ." *Id.* at 14, 16, 22. Moreover, the same allegations – physical assault, emotional abuse, and failing to report the assault/abuse – form the bases of Plaintiffs' intentional infliction of emotional distress claims. *Id.* at 14-16, 21-22.[16]

For these reasons, Plaintiffs fail to state a cause of action for intentional infliction of emotional distress against Youngblood, Burgess, and Baker. *See White v. Dulany*, No. 2:21-CV-04103-MDH, 2021 WL 4303602, at *8 (W.D. Mo. Sept. 21, 2021); *Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 322 (Mo. Ct. App. 2010). Therefore, the Court **GRANTS** Youngblood's, Burgess's,

---

[16] Additionally, when responding to the pending motions, Plaintiffs state, "[a]ny and all emotional distress suffered by the minor child were due to the assaults, and/or failure to report the assaults . . . ." Doc. 83-1 at 8; Doc. 84-1 at 8. This statement further reinforces Plaintiffs' intentional infliction of emotional distress claims are duplicative of their common law claims.

and Baker's motion to dismiss Plaintiffs' intentional infliction of emotional distress claims (Count VI) against them.

### (e)    Fraud (Count VII)

The Individual Defendants move to dismiss Plaintiffs' fraud claims against them. Doc. 67 at 13-15; Doc. 71 at 12-13. The elements of a fraud claim are (1) "a false, material representation"; (2) "the speaker's knowledge of its falsity or his/her ignorance of the truth"; (3) "the speaker's intent that his/her representation should be acted upon by the hearer in the manner reasonably contemplated"; (4) "the hearer's ignorance of the falsity of the representation"; (5) "the hearer's reliance on the representation being true"; (6) "the hearer's right to rely thereon"; and (7) "the hearer's consequent and proximately-caused injuries." *BMK Corp. v. Clayton Corp.*, 226 S.W.3d 179, 193 (Mo. Ct. App. 2007) (citation omitted). The Federal Rules of Civil Procedure require Plaintiffs to allege fraud with "particularity," meaning they "must allege such matters as the time, place, and contents of false representations, . . . the identity of the person making the misrepresentation and what was obtained or given up thereby." *Mitec Partners, LLC v. U.S. Bank Nat. Ass'n*, 605 F.3d 617, 622 (8th Cir. 2010) (citation omitted); *see* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud."). Put simply, Plaintiffs "must plead the who, what, where, when, and how of the alleged fraud." *Id*.[17]

According to the First Amended Petition, S.O. and B.O. "decided to entrust Defendants with the care and education of [D.O.]" after reviewing OHSS's handbook, the Individualized Education Program for D.O., and MSSD's written policies. Doc. 60 at 23. Plaintiffs also aver "Defendants' representation was a material fact," "Defendants knew . . . the representations were

---

[17] Plaintiffs concede they must identify the who, what, where, when, and how of the alleged fraud. Doc. 83-1 at 8; Doc. 84-1 at 9.

false," "D.O.'s parents had no knowledge the representation was false," "Defendants intended and expected D.O.'s parents to act upon their misrepresentation," D.O.'s parents detrimentally relied on the misrepresentations, and Plaintiffs, as a result, were damaged. *Id.* at 23-24.

Plaintiffs assert fraud claims against "All Individual Defendants" but do not plead details associated with each of the Individual Defendants. *See* Doc. 60. Setting forth "fraudulent representations" and attributing fraudulent "conduct to multiple defendants . . . in a group pleading fashion" does not satisfy Rule 9(b). *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015). Instead, the complaint must "inform each defendant of the nature of his alleged participation in the fraud." *Id.* (citation omitted); *see also Christopherson v. Bushner*, 33 F.4th 495, 502-03 (8th Cir.), *reh'g denied*, 34 F.4th 1123 (8th Cir. 2022). Because Plaintiffs fail to plead facts informing Youngblood, Burgess, Baker, Gore, Stark, Huddleston, and O'Farrell-Silva of the fraud each individual allegedly committed, Plaintiffs' First Amended Petition does not satisfy Rule 9(b). Accordingly, the Court **GRANTS** the Individual Defendants' motions to dismiss Plaintiffs' fraud claims (Count VII) against them.

### (f) Negligent Infliction of Emotional Distress (Count VIII)

All Individual Defendants move to dismiss only S.O.'s and B.O.'s claims of negligent infliction of emotional distress because they fail to sufficiently plead such a claim. Doc. 67 at 15-16; Doc. 71 at 13. They do not move to dismiss D.O.'s negligent infliction of emotional distress claims. *Id*. In response to the motions, Plaintiffs concede Count VIII is only brought by D.O., not S.O. and/or B.O. Doc. 83-1 at 9; Doc. 84-1 at 9-10. Accordingly, the Court **GRANTS** the Individual Defendants' motions to dismiss S.O.'s and B.O.'s claims of negligent infliction of emotional distress. D.O.'s claims of negligent infliction of emotional distress remain pending.

**(4)    Claims Against OHSS, MSBE, MDESE, and MSSD**

OHSS, MSBE, MDESE, and MSSD ("State Defendants") move to dismiss Plaintiffs' claims that they violated the ADA and ADAAA (Count III) and the Rehabilitation Act (Count IV) because they contend vicarious liability is not available under these statutes.  Doc. 74 at 4-5; Doc. 76 at 3-4.  In response to the motions to dismiss, Plaintiffs state they are not proceeding against the State Defendants on the theory of respondeat superior or vicarious liability.  Doc. 85 at 1; Doc. 86 at 1.  Accordingly, the State Defendants' motions to dismiss Counts III and IV based on respondeat superior are **DENIED AS MOOT**.

The State Defendants also move to dismiss Counts III and IV because Plaintiffs fail to state a claim upon which relief may be granted.  Doc. 74 at 3-4, 6-7; Doc. 76 at 3-5.  To establish a prima facie claim under Title II of the ADA, the ADAAA, and the Rehabilitation Act, a plaintiff must demonstrate (1) he is a qualified individual with a disability, (2) who was denied the benefits of a public entity's programs or services or was otherwise subjected to discrimination (3) because of his disability.  *See Davis v. Francis Howell Sch. Dist.*, 138 F.3d 754, 756 (8th Cir. 1998).  When the alleged violations are based on educational services for disabled children, "the plaintiff must prove that school officials acted in bad faith or with gross misjudgment."  *B.M. ex rel. Miller v. S. Callaway R-II Sch. Dist.*, 732 F.3d 882, 887 (8th Cir. 2013) (citations omitted).  "[T]o establish bad faith or gross misjudgment, a plaintiff must show that the defendant's conduct 'depart[ed] substantially from accepted professional judgment, practice or standards [so] as to demonstrate that the person[s] responsible actually did not base the decision on such a judgment.'"  *Id.* (quoting *M.Y. ex rel. J.Y. v. Special Sch. Dist. No. 1*, 544 F.3d 885, 888 (8th Cir. 2008)).  The State

Defendants argue Plaintiffs fail to allege sufficient facts indicating they acted with bad faith or gross misjudgment. Doc. 74 at 3-4, 6-7; Doc. 76 at 4-5.[18]

In the First Amended Petition, Plaintiffs allege the State Defendants had actual notice of the assaults against D.O. Doc. 60 at 17. And although they knew about the assaults, the State Defendants, according to Plaintiffs, failed to (1) establish and implement effective policies, procedures, and training to properly prevent, investigate, and address assaults against students; (2) follow appropriate procedures to properly prevent, investigate, and address assaults of students; (3) properly report, investigate, and address the initial assaults against D.O., and therefore, allowed additional and worsening assaults to occur; (4) impartially investigate the initial assaults against D.O. and falsified their reports about the assaults; (5) appropriately and immediately take remedial actions regarding the assaults against D.O., and thus, allowed school staff members to remain in their positions and further assault D.O.; and (6) appropriately and immediately protect D.O. and offer him alternative educational services. *Id*. at 17-18. Plaintiffs allege these failures demonstrate the State Defendants were deliberately indifferent toward D.O. *Id*. at 17.

When considering the entirety of Plaintiffs' First Amended Petition and drawing all inferences in their favor, the Court concludes Plaintiffs state claims for violations of the ADA, ADAAA and the Rehabilitation Act. Therefore, the Court **DENIES** the State Defendants' motions to dismiss Counts III and IV.

**(5)     Plaintiffs' Request to Amend**

In their responses to the motions to dismiss, Plaintiffs alternatively request leave to further amend their petition "to rectify" any pleadings the Court finds insufficient. Doc. 83 at 2; Doc. 84 at 2; Doc. 85 at 2; Doc. 86 at 2. Plaintiffs, however, did not attach the proposed Second Amended

---

[18] Because OHSS, MSBE, MDESE, and MSSD limit their argument to this issue, the Court does the same.

Petition as required by Local Rule 15.1(a)(2). *Id*. In addition, Plaintiffs do not identify the additional facts they intend to include in their Second Amended Petition. *See id*. Because Plaintiffs fail to attach their proposed Second Amended Petition and do not provide the substance of the Second Amended Petition, the Court is unable to identify what amendments would be made. For this reason, the Court denies Plaintiffs' alternative request to further amend their petition. *See Usenko v. MEMC LLC*, 926 F.3d 468, 475 (8th Cir. 2019) (citing *In re 2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d 878, 884 (8th Cir. 2009) (affirming the district court's decision denying the plaintiff's request for leave to amend the complaint because the plaintiff never submitted a proposed amended complaint and did not provide the substance of an amended complaint)).

## III.    CONCLUSION

Based on the foregoing discussion, the Court issues the following rulings on Defendants' motions to dismiss:

- Youngblood's Motion to Dismiss (Doc. 66) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' claims of assault and battery (Count V), intentional infliction of emotional distress (Count VI), and fraud (Count VII) against Youngblood are dismissed. S.O.'s and B.O.'s claims of negligent infliction of emotional distress (Count VIII) against Youngblood are dismissed. Youngblood's motion to dismiss is denied in all other respects.

- Baker, Burgess, Gore, Huddleston, O'Farrell-Silva, and Stark's Motion to Dismiss (Doc. 70) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' claims of assault and battery (Count V) and intentional infliction of emotional distress (Count VI) against Baker and Burgess are dismissed. S.O.'s and B.O.'s claims of negligent infliction of emotional distress (Count VIII) against Baker and Burgess are dismissed.

Plaintiffs' claims of fraud (Count VII) against Baker, Burgess, Gore, Huddleston, O'Farrell-Silva, and Stark are dismissed. Baker, Burgess, Gore, Huddleston, O'Farrell-Silva, and Stark's motion to dismiss is denied in all other respects.

- MSBE, MDESE, and MSSD's Motion to Dismiss (Doc. 73) is **DENIED**.

- OHSS's Motion to Dismiss (Doc. 75) is **DENIED**.

**IT IS SO ORDERED.**

DATE: August 16, 2023                    */s/ W. Brian Gaddy*
                                          W. BRIAN GADDY
                                          UNITED STATES MAGISTRATE JUDGE